MICHIGAN SUGAR CO. *v.* FALKENHAGEN.

1. SPECIFIC PERFORMANCE—UNIFORM SALES ACT—SALE OF CROP TO BE GROWN VALID.

Under the uniform sales act (3 Comp. Laws 1915, § 11899) a court of equity has jurisdiction to decree specific performance of a contract under the terms of which sugar beets to be raised from seed furnished by the buyer were sold; the contract being valid though made before the crop was *in esse*.

2. SALES—GRANT OF FUTURE PRODUCE OF LAND—EXCEPTION TO GENERAL RULE.

A grant of the future produce of land actually in possession of the grantor at the time of the grant passes an interest in such future crop as soon as it comes into existence; this being an exception to the general rule that the title to property not in existence cannot be affected so as to vest the title when it comes into existence.

3. SAME—APPEAL AND ERROR—ERRONEOUS DISMISSAL OF SUIT DOES NOT AFFECT REAL ISSUE ON REHEARING, ALTHOUGH STATUS QUO NOT PRESERVED AND SPECIFIC PERFORMANCE NOT POSSIBLE.

Where a suit to enjoin delivery to another of sugar beets sold to plaintiff, and for specific performance, was erroneously dismissed, and thereafter defendant made such delivery in violation of contract, while preservation of the *status quo* was thereby prevented, and decree on rehearing could not operate on the property, it did not affect the real issue of whether defendant should be required to perform, and therefore has not become a moot question.

4. SAME—DEFENDANT NOT EXCUSED FROM LIABILITY FOR DAMAGES ALTHOUGH SPECIFIC PERFORMANCE COULD NOT BE DECREED.

If defendant, owning only 20 acres, contracted to raise five acres of sugar beets for a certain company, and thereafter contracted to raise 20 acres of beets for plaintiff, so that defendant could not perform both contracts, then, while he is not excused from liability for damages, plaintiff would not be entitled to specific performance to the detriment of the other company.

On validity of sale or mortgage of future and growing crops, see annotation in L. R. A. 1917C, 8.

Appeal from Saginaw; Browne (Clarence M.), J. Submitted June 7, 1928. (Docket No. 37, Calendar No. 33,775.) Decided July 24, 1928.

Bill by the Michigan Sugar Company against Guy Falkenhagen for specific performance of a contract, and for an injunction. From a decree dismissing the bill, plaintiff appeals. Reversed and remanded.

*Humphrey, Grant & Henry,* for plaintiff.

WIEST, J. The plaintiff company manufactures sugar from beets. Contracts for beets, to be raised by farmers, with seed and labor and financial assistance furnished by the company, are made months before planting time. Such a contract between the company and defendant was made under which defendant was to raise and deliver the beets from 20 acres of land. The contract provided:

"The title to said seed and to said crop of beets from the time when the same begins to grow, shall be and remain in the company.

"The grower agrees to deliver to the company, as and when directed, at the factory, or on cars at designated receiving stations of the company, all beets grown by him under this contract."

About the time the beets were ready to be delivered plaintiff discovered that defendant intended to deliver the beets from five acres to another company, under a claimed previous contract, and filed the bill herein to enjoin such delivery and have specific performance of its contract. In the circuit the bill was dismissed, and the delivery sought to be enjoined was made. Upon application of plaintiff a rehearing was granted in the circuit, and, it appearing that delivery had been made to the other company of the part called for by its contract with defendant, and the remainder of the beets delivered to plaintiff, the circuit judge thought the case moot and dismissed the bill. Plaintiff ap-

pealed and insists the court was in error in dismissing the bill, both at the hearing and the rehearing, and asks for a determination here of its rights, because of the great importance to it of knowing to what extent such a contract holds a crop of beets and binds the grower to make delivery.

The subject-matter of the suit has passed beyond the reach of injunctive process and of specific performance, but, if the defendant should have been enjoined and specific performance decreed, then the court should have entertained jurisdiction, and, if through error the injunction was dissolved by the decree at the first hearing, the suit should be retained for the assessment of damages.

We have no brief in behalf of defendant, and must, therefore, gather from the record, as best we can, contentions made in his behalf.

Under the contract, the beets to be raised were sold to plaintiff, and defendant was obligated to make delivery.    Under such circumstances the court of equity has jurisdiction to decree specific performance.

The uniform sales act (3 Comp. Laws 1915, § 11899) provides:

"Specific Performance.    Where the seller has broken a contract to deliver specific or ascertained goods, a court having the powers of a court of equity may, if it thinks fit, on the application of the buyer, by its judgment or decree, direct that the contract shall be performed specifically, without giving the seller the option of retaining the goods on payment of damages. The judgment or decree may be unconditional, or upon such terms and conditions as to damages, payment of the price and otherwise, as to the court may seem just."

Section 11907 of the act defines the term "goods" as follows:

"'Goods' includes all chattels personal other than things in action and money.    The term includes emblements, industrial growing crops, and things attached

to or forming part of the land which are agreed to be severed before sale or under the contract of sale."

The contract was valid though made before the crop was *in esse.*   At least it attached when the crop came into existence.

"It is well settled that a grant of the future produce of land actually in possession of the grantor at the time of the grant passes an interest in such future crop as soon as it comes into existence.   This is an exception to the general rule that the title to property not in existence cannot be affected so as to vest the title when it comes into existence."   8 R. C. L: p. 371.

The subject is fully covered in *Dickey* v. *Waldo,* 97 Mich. 255 (23 L. R. A. 449, and note).   See, also, *Baxter* v. *Bush,* 29 Vt. 465 (70 Am. Dec. 429) ; *Nestell* v. *Hewitt,* 19 Abb. N. C. (N. Y.) 282; *Livesley* v. *Johnston,* 45 Or. 30 (76 Pac. 13, 946, 65 L. R. A. 783, 106 Am. St. Rep. 647).

The contract related to personal property.

"At common law those products of the earth which were annual, and were raised by yearly manurance and labor, and essentially owed their annual existence to the cultivation of man were, even while still annexed to the soil, treated as chattels, with the usual incidents thereof.   The great weight of modern authority supports this view."   8 R. C. L. p. 356.

As soon as the beet seed was planted and germinated the contract attached.   Plaintiff advanced money to defendant to pay help, and went to considerable expense to provide help in caring for the growing beets, and the contract between the parties gave plaintiff a lien upon the crop for the moneys advanced.   This lien was in the nature of additional assurance, for the contract placed title to the beets in the plaintiff.

Previous to the contract in suit the defendant had entered into a contract with another sugar company to raise and deliver five acres of beets.   Defendant raised, in all, a little over 18 acres of beets.   The evi-

dence does not show that defendant did not possess land sufficient to have permitted him to keep both contracts. Delivery of beets to the other company, after the first decree dissolved the injunction, while it prevented preservation of the *status quo* and any further decree could not be made to operate upon the property, it did not affect the real issue of whether defendant should or should not be required to perform his contract. The dispute still exists, has not become moot, and must be determined. See *Livesley* v. *Johnston, supra.* Defendant is in no position to say that his previous contract with the other company lessened his obligation to perform his contract with plaintiff. If defendant's acreage was limited in fact to 20 acres and he contracted to raise five acres of beets for the other sugar company and later contracted to raise 20 acres of beets for plaintiff company, and the later contract covered the acreage in the first contract, and, therefore, defendant could not perform both contracts, then, while he is not excused from damages, the plaintiff herein would not be entitled to specific performance to the detriment of the other sugar company. See *White Marble Lime Co.* v. *Lumber Co.*, 205 Mich. 634. Defendant, however, by making delivery after the first decree, and before the rehearing in the circuit, has rendered it unnecessary to protect the other company, and defendant cannot plead such first contract in release of his full obligation under the contract with plaintiff. When the bill was filed the court of equity had jurisdiction to decree specific performance, or, in the exercise of a discretion guided by circumstances, to award damages in lieu thereof.

The decree entered is reversed, and the case remanded to the circuit to assess plaintiff's damages. Plaintiff will recover costs.

FEAD, C. J., and NORTH, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.