*In re* MILLER.

PETITION OF FREMONT CO-OPERATIVE PRODUCE CO.

1. CHATTEL MORTGAGES—ASSIGNMENTS FOR BENEFIT OF CREDITORS—BONA FIDE PURCHASER.
   A mortgage on crops valid as against the mortgagor is likewise valid as against the assignee for benefit of creditors; the assignee not being a *bona fide* purchaser.

2. SAME—UNPLANTED CROPS.
   A chattel mortgage on unplanted crops is valid.

Appeal from Newaygo; Barton (Joseph), J. Submitted June 20, 1928. (Docket No. 38, Calendar No. 33,329.) Decided October 1, 1928.

Petition by the Fremont Co-operative Produce Company against the Fremont Lumber & Fuel Company, assignee of Oscar C. Miller, doing business as

Validity of chattel mortgage on future and growing crops, see annotation in 23 L. R. A. 449; L. R. A. 1917C, 8.

Fremont Greenhouses, for the foreclosure of a chattel mortgage. From an order dismissing the petition, plaintiff appeals. Reversed, and decree entered for plaintiff.

*Harry D. Reber,* for plaintiff.

*William J. Branstrom,* for defendant.

NORTH, J. Oscar C. Miller, doing business as the Fremont Greenhouses, became indebted to the Fremont Co-operative Produce Company for coal in the sum of $2,954.62; and on April 30, 1924, he gave the Fremont Co-operative Produce Company notes for the foregoing amount and a chattel mortgage to secure their payment. This mortgage described the property covered by it as follows:

"All and singular the crops of radishes, lettuce, tomatoes, flowers, plants and other crops whatsoever, now standing or growing, or that may hereafter be raised, grown, or produced in the greenhouses owned or operated by said first party and situated upon the following described premises in the city of Fremont, Newaygo county, Michigan." (Description follows.)

The mortgagor was the owner in fee of the land on which the greenhouses were located. By its terms the mortgage authorized the mortgagee to enter upon the premises and to retain possession thereof to the extent necessary to mature and harvest growing crops covered by the mortgage and to sell the same to satisfy the indebtedness. The mortgage notes matured in 1924, and during that year the indebtedness was reduced by payments to $1,242.50. Nothing further was paid on this mortgage, and on the 30th of December, 1926, Mr. Miller, who had con-

tinued to operate the greenhouses in the meantime, made an assignment for the benefit of creditors. The Fremont Lumber & Fuel Company was named as assignee and trustee. At the time of this assignment there was a crop growing in the greenhouses which was inventoried at $1,000. On May 1, 1927, Miller demanded that the assignee and trustee surrender possession of the greenhouse premises and the property which he claimed was covered by the chattel mortgage for the purpose of foreclosure. Possession was refused, and thereupon the mortgagee filed a petition in the assignment proceedings pending in the circuit court of Newaygo county, praying that the assignee be ordered by the court to surrender the mortgaged property to the plaintiff, or that the chattel mortgage be foreclosed under the order and decree of the circuit court. The petition was dismissed and the relief sought denied on the ground that the chattel mortgage was invalid because it purported to cover crops not in existence when the mortgage was given. The plaintiff has appealed.

It is agreed by the counsel that the only question presented by this record is this: Is a chattel mortgage on unplanted crops valid? As stated, to the extent of $1,000 in value the crops upon which the appellant claims a lien were in existence when the mortgagor made the assignment under which the assignee and appellee now asserts title, though none of the crops had been planted at the time the mortgage was given. The statutory affidavits of renewal were properly filed and the record presents no claims of prior lienholders or innocent purchasers. If this mortgage is a valid lien on the crops as against the mortgagor, then it is likewise valid as against the assignee, who stands in the place of the mortgagor. The assignee is not a *bona fide* purchaser. *Lentz* v.

*Railway Co.,* 53 Mich. 444; *Brown* v. *Brabb,* 67 Mich. 17.

Since this case was decided in the circuit, the decision has been rendered in this court in *Michigan Sugar Co.* v. *Falkenhagen,* 243 Mich. 698. It was there held by Justice WIEST that:

"The contract (as to a future crop) was valid though made before the crop was *in esse.* At least it attached when the crop came into existence," citing 8 R. C. L. p. 371.

This holding is decisive of the question involved in this case. The mortgage given by Miller was valid.

The petition filed herein asks for an accounting on the part of the assignee, but pending this litigation the mortgaged property has been sold and the money received therefor is subject to the order of the circuit court.

The decree entered below must be reversed and a decree may be taken here directing that the money received for the mortgaged property be paid to the plaintiff not to exceed the amount of the mortgage debt. The appellant will recover costs of both courts.

FEAD, C. J., and FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.