CHARLES E. PARSONS, administrator, *vs.* THE AMERICAN
AGRICULTURAL CHEMICAL COMPANY & another.

Franklin.   September 21, 1932. — October 25, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Mortgage,* Of personal property: crop to be grown.

A mortgage, given on April 1 for consideration and duly recorded, of
a crop of tobacco not then planted by the mortgagor but about to
be grown by him in that year's season and in fact later so grown, was
held valid in a suit in equity by the administrator of the mortgagor's
estate against the mortgagee to determine its validity, although the
mortgagee had not received delivery nor taken possession of the
tobacco after it was grown.

BILL IN EQUITY, filed in the Superior Court on May 27,
1931, against The American Agricultural Chemical Com-
pany and General Cigar Co., Inc.

The bill contained allegations that a part of the assets of
the estate of the plaintiff's intestate consisted of a crop of
tobacco raised in 1930 by the intestate; that the plaintiff
sold and delivered the crop to the defendant General Cigar
Co., Inc., for a certain price; that the defendant The
American Agricultural Chemical Company claimed that it
held a valid mortgage upon the crop and that it was en-
titled to the proceeds of the sale thereof, and had brought
an action for such proceeds against the defendant General
Cigar Co., Inc., in Connecticut; and that the mortgage
was invalid.   The prayers of the bill were that the de-
fendant The American Agricultural Chemical Company be
enjoined from prosecuting its action in Connecticut; that
the defendant General Cigar Co., Inc., be enjoined from pay-
ing the defendant The American Agricultural Chemical
Company any sums on account of the crop; that the va-
lidity of the mortgage be determined; for an accounting;
and for general relief.

The suit was referred to a master, who found that the

sale of the tobacco to the defendant General Cigar Co., Inc., was made as alleged; that on April 1, 1930, the intestate, for consideration, executed to the defendant The American Agricultural Chemical Company a mortgage of the crop, which was not then planted but which the intestate was about to grow; that the mortgage had been duly recorded; and that the defendant General Cigar Co., Inc., had paid the purchase price for the tobacco into court.

By order of *W. A. Burns*, J., there were entered an interlocutory decree confirming the master's report; and a final decree ordering that the bill be dismissed as against the defendant General Cigar Co., Inc., that certain counsel fees be paid from the money paid into court, and that the balance thereof be paid to the defendant The American Agricultural Chemical Company. The plaintiff appealed from the final decree.

The case was submitted on briefs.

*W. A. Davenport*, for the plaintiff.

*C. N. Stoddard, P. H. Ball, & J. T. Bartlett*, for the defendant The American Agricultural Chemical Company.

LUMMUS, J. This case turns upon the question whether a chattel mortgage given by the plaintiff's intestate to The American Agricultural Chemical Company upon a crop of tobacco is valid against the plaintiff administrator. The mortgage was given on April 1, 1930, and was duly recorded under G. L. (Ter. Ed.) c. 255, § 1. *Claflin* v. *Carpenter*, 4 Met. 580. It purported to cover the 1930 crop about to be grown by the plaintiff's intestate upon land owned or operated by him. The plaintiff contends that the mortgage does not cover the tobacco because when the mortgage was given the tobacco was not planted, and the mortgagee never afterwards received delivery or took possession.

The judge was right in ruling that the mortgage holds the crop. It is true that in general one cannot sell or mortgage what he does not own. *Federal Trust Co.* v. *Bristol County Street Railway*, 222 Mass. 35, 45. *Taylor* v. *Barton Child Co.* 228 Mass. 126. *Davis* v. *Smith-Springfield Body Corp.* 250 Mass. 278, 283. An exception has been estab-

lished, however, permitting a sale or mortgage of personalty not actually in existence but likely to come into being as the product, growth or increase of property in which the vendor or mortgagor has a present interest. A typical instance of this exception is a mortgage of crops to be planted and grown upon land of the mortgagor. He has a potential interest in such crops, and as soon as they come actually into being the mortgage attaches to them. Many authorities tend to the conclusion that this result occurs at law, and not merely in equity. *Grantham* v. *Hawley*, Hob. 132. *Petch* v. *Tutin*, 15 M. & W. 110. *Lewis* v. *Lyman*, 22 Pick. 437, 442, 443. *Jones* v. *Richardson*, 10 Met. 481, 488. *Low* v. *Pew*, 108 Mass. 347, 350. *Citizens Loan Association* v. *Boston & Maine Railroad*, 196 Mass. 528, 530, 531. *Kerr* v. *Crane*, 212 Mass. 224, 229. *Taylor* v. *Barton Child Co.* 228 Mass. 126, 130. *West Springfield Trust Co.* v. *Hinckley*, 258 Mass. 157, 162, 163. *Licker* v. *Gluskin*, 265 Mass. 403, 405. *Butt* v. *Ellett*, 19 Wall. 544. *Briggs* v. *United States*, 143 U. S. 346. *Arques* v. *Wasson*, 51 Cal. 620. *Cumberland National Bank* v. *Baker*, 12 Dick. (N. J.) 231. *Watkins* v. *Wyatt*, 68 Tenn. 250. *Dickey* v. *Waldo*, 97 Mich. 255; *S. C.* 23 L. R. A. 449, and note. *Michigan Sugar Co.* v. *Falkenhagen*, 243 Mich. 698. *In re Miller*, 244 Mich. 302. *First National Bank of Van Buren* v. *Cazort & McGehee Co.* 123 Ark. 605; *S. C.* L. R. A. (1917 C) 7, and note. Williston, Sales (2d ed.) §§ 133–135. For the present state of the doctrine of potential interest in sales of goods, as distinguished from mortgages, see G. L. (Ter. Ed.) c. 106, §§ 7, 65. *Taylor* v. *Barton Child Co.* 228 Mass. 126, 130. *Cunningham* v. *Moore*, 161 Tenn. 128, 135. Williston, Sales (2d ed.) § 135.

Certain restrictions upon the doctrine of potential interest, appearing in various jurisdictions with respect to a mortgage of unplanted crops, namely, that the mortgage takes effect in equity only (*Kelley* v. *Goodwin*, 95 Maine, 538, *Hurst & McWhorter* v. *Bell & Co.* 72 Ala. 336, *Patapsco Guano Co.* v. *Ballard*, 107 Ala. 710, *Apperson & Co.* v. *Moore*, 30 Ark. 56, *Danville State Bank* v. *May*, 126 Kans. 714), that it is invalid as to purchasers without notice and

attaching creditors (*Rochester Distilling Co.* v. *Rasey,* 142 N. Y. 570, *First National Bank* v. *Felter,* 65 Colo. 370, *Isbell* v. *Slette,* 52 Mont. 156; see also *Munsell* v. *Carew,* 2 Cush. 50), and that the crop or crops mortgaged must be limited in time (*Shaw* v. *Gilmore,* 81 Maine, 396, *Corinna Seed Potato Farms, Inc.* v. *Corinna Trust Co.* 125 Maine, 131, *Hall* v. *Glass,* 123 Cal. 500, *W. L. Hurley & Sons* v. *Ray,* 160 N. C. 376), need not be considered, for the present suit is in equity, the party contesting the validity of the mortgage is the administrator of the mortgagor, and the mortgage is limited to the crop of the year 1930.

*Decree affirmed with costs.*