Jane A. Ecklund, administratrix, *vs.* Einar V. Ecklund
& others.

Essex.    December 4, 1934. — December 6, 1934.

Present: Rugg, C.J., Crosby, Field, Donahue, & Lummus, JJ.

*Probate Court*, Appeal, Findings by judge.

While an appeal from a final decree in a petition in equity in a probate
court, where the entire evidence is reported, brings before this court
questions of fact as well as of law, and it is the duty of this court to
examine the evidence and decide the case upon its judgment, findings
by the judge of probate based upon oral testimony will not be reversed
unless plainly wrong.

A finding and decree for the petitioner in a petition in equity in a probate
court by an administrator to require the brother of the intestate to
deliver to the petitioner certain sums of money, placed in the pos-
session of the respondent to be held for the intestate as owner, where
the entire evidence was reported and was principally oral, were *held*,
on an appeal by the respondent, not only not to have been plainly
wrong, but to have been right; and the decree therefore was affirmed.

Petition in equity, filed in the Probate Court for the
county of Essex on May 27, 1932, and described in the
opinion.

The petition was heard by *Dow*, J., the evidence being
reported. Practically all of the evidence was oral. From
a decree entered for the petitioner, the respondents Ecklund
appealed.

The case was submitted on briefs.

*J. J. Bruin*, for the respondents Ecklund.

*A. K. Cohen, M. E. Bernkopf, & S. A. Goodman*, for the
petitioner.

Rugg, C.J.    This petition in equity is brought by the
administratrix of the estate of Peter A. Ecklund praying
that certain sums of money, deposited by him during his
life with his brother and standing in the names of that
brother and his wife in savings banks, be declared to be
property of the estate and be ordered paid to the peti-
tioner. That brother, his wife, and the savings banks are
joined as respondents. The probate judge after making

preliminary findings concluded with the decisive finding that the money was placed by the intestate in the hands of his brother not as a gift but to hold for his benefit as owner. A decree was entered in accordance with the findings directing the transfer of the deposits in the several savings banks to the petitioner. The brother of the intestate and his wife have appealed. The entire evidence is reported.

The familiar rule is that an appeal in those circumstances brings before this court questions of fact as well as of law; and although it is the duty of this court to examine the evidence and decide the case upon its judgment, a decision based upon oral testimony will not be reversed unless plainly wrong.

This record has been carefully examined. No point of law is raised on it. The question determined was purely one of fact, depending upon the credibility of witnesses and the weighing of evidence. The decision was not plainly wrong but appears to have been right. Cases of this kind depend upon their special circumstances, can be of no value as precedents and the evidence need not be stated or discussed. *Reed* v. *Reed,* 114 Mass. 372. *Lincoln* v. *Eaton,* 132 Mass. 63, 68. *Dickinson* v. *Todd,* 172 Mass. 183. *Norcross* v. *Mahan,* 283 Mass. 403.

*Decree affirmed.*