MARGARET M. ASHLEY, administratrix, *vs.* ANNIE E. COLLINS & others.

Essex.    December 6, 1934. — September 12, 1935.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*Probate Court*, Jurisdiction. *Contract*, Consideration. *Executor and Administrator*, Accounts, Claim for decedent's death. *Negligence*, Causing death.

A probate court appointing an administrator of the estate of a person killed on the high seas has jurisdiction over the accounting of the administrator for the proceeds of a claim under the Federal death statute.

After a death on the high seas caused by collision of vessels, one of the next of kin of the deceased petitioned for his appointment as administrator of the estate for the purpose of proceeding in admiralty under the Federal death statute; some of the next of kin assented to the appointment of the petitioner on his promise to distribute the proceeds of such proceeding among all of the next of kin as a class; a proceeding in admiralty, in which it was alleged that the person acting as administrator was sole dependent of the deceased, was brought and was compromised by leave of the Probate Court, and a sum of money was paid to the administrator; in fact the deceased had no dependent. On these facts it was *held*, on a petition for the allowance of the administrator's account, that the assent of some of the next of kin to his appointment was consideration for his promise to divide the proceeds of the admiralty proceeding among all of them; and that in equity the sum received in compromise was property of all of them and he was accountable to the others for their shares.

PETITION, filed in the Probate Court for the county of Essex on January 30, 1934, for the allowance of an account.

The petition was heard by *Dow*, J.

*H. Kisloff*, for the petitioner.

*J. M. Marshall*, for the respondents.

RUGG, C.J.    This is an appeal by the accountant from a decree of a probate court allowing, as modified, the final

account of the administratrix of the estate of Augustus Foley. The trial judge made a report of findings of material facts. The evidence is printed in full. G. L. (Ter. Ed.) c. 215, §§ 9, 11. Summarily stated, the facts thus found are these: The intestate, a Gloucester fisherman, died as the result of a collision upon the high seas between the schooner on which he was employed and a steamship owned by the Gypsum Packet Company, a Canadian corporation. He left no widow and as his only heirs at law three sisters, two brothers and two nieces, daughters of a deceased sister. Shortly after the death of the intestate, one of his sisters, Mrs. Ashley, who was subsequently appointed administratrix of his estate and who is the accountant, was told by an attorney that the Federal statute giving a remedy for death upon the high seas caused by wrongful act or neglect provides that a suit for damages may be maintained "for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative," and "the recovery in such suit shall be a fair and just compensation for the pecuniary loss sustained by the persons for whose benefit the suit is brought and shall be apportioned among them by the Court in proportion to the loss that they severally have suffered by reason of the death of the person by whose representative the suit is brought." She advised the attorney that none of the next of kin except herself could make such a claim and authorized the prosecution of an action for herself as sole dependent of the intestate. The attorney prepared a petition for her appointment as administratrix of the estate of the intestate and directed her to procure the assent to it of the other next of kin. She said to three of them, when asking such assent, that whatever she recovered as compensation for the death of the intestate would be divided equally among the heirs at law. She made that statement when asking a brother to sign the petition and his wife to sign as surety her bond as administratrix; each did as requested. She was appointed administratrix on January 12, 1932. Not all the heirs at law signed her petition as she asked. Before any action was brought by her against

the Gypsum Packet Company, the latter filed a petition, in a United States District Court in New York sitting in admiralty, to limit liability, and she petitioned to be allowed to intervene and to file her claim in that proceeding. Suit was brought in that District Court by Mrs. Ashley individually and as administratrix of the estate of the intestate claiming compensation for herself as sole dependent. After a hearing upon liability, an agreement was made between her attorney and the Gypsum Packet Company to settle the claim for $5,600, of which $200 was for the loss of clothing and personal effects, and $5,400 for the death of the intestate. On October 7, 1932, Mrs. Ashley as administratrix filed in the Probate Court a petition praying that she be authorized to compromise the claim for loss of personal effects and for loss of life of the deceased for the above sums and said petition was granted without notice. When the settlement was made, Mrs. Ashley gave to the Gypsum Packet Company a general release of all claims as administratrix of the estate of the intestate. No judgment was entered in court in her favor on the question of liability or as to those who were dependents of the deceased. An entry was made that Mrs. Ashley's action be dismissed without costs.

The accountant was not a dependent of the intestate at the time of his death and no one of his other relatives was dependent upon him.

The trial judge found and ruled that the assent of the other next of kin, at Mrs. Ashley's request, to her appointment as administratrix of his estate, was sufficient consideration to make binding her promise to share equally with the other members of the family whatever she might recover in the action brought by her as such administratrix for compensation for his death.

A decree was entered charging the accountant with $5,400 collected on the death claim against the Gypsum Packet Company in addition to the $200 received for property damage already charged by the accountant, and otherwise modifying the account as to expenses of litigation to correspond with this change.

These findings of fact were made chiefly upon oral testimony. They will not be reversed unless plainly wrong. *Brown* v. *Brown*, 174 Mass. 197, 198. *Rodrigues* v. *Rodrigues*, 286 Mass. 77, 80. The testimony supports the findings. It need not be stated or discussed. *Ecklund* v. *Ecklund*, 288 Mass. 517.

There is no finding that the claim for death of the intestate was dishonestly prosecuted by the administratrix on the ground of her dependency. Such a fraudulent purpose can hardly be presumed in the absence of a finding. The validity of the claim was not adjudicated in the Federal court because the claim was settled. It has been found in the case at bar to have been without basis in fact. Nevertheless, it may have been the foundation for an honest settlement by agreement of parties. Moreover, this compromise was authorized by an *ex parte* decree of the Probate Court on petition by the administratrix. *Silver* v. *Graves*, 210 Mass. 26, 30–31. *Codman* v. *Dumaine*, 249 Mass. 451, 457–458. *Sherman* v. *Werby*, 280 Mass. 157, 160. Under the Federal statute the amount recoverable in any event was payable only for the benefit of those next of kin of the intestate dependent upon him for support. The personal representative of the deceased seaman, "— while not given any right of action in behalf of the estate — is invested, solely as trustee for the designated survivors, with the right to recover for their benefit such damages as will compensate them for any pecuniary loss which they sustained by the death." *Lindgren* v. *United States*, 281 U. S. 38, 41. There is nothing in that statute or in the common law which prevents heirs at law and next of kin from making an agreement in advance, in good faith and with no unfair advantage taken one over another, as to the division to be made among themselves of the proceeds of such a claim. *Gadsby* v. *Gadsby*, 275 Mass. 159, 163–166. *Newburyport Society for the Relief of Aged Women* v. *Noyes*, 287 Mass. 530, 534–535. See *The Satanita*, [1895] P. 248. The accountant had at law no preferential right over the other heirs at law to be appointed administratrix of the estate of the intestate.

Compliance by some of the heirs at law with the request made by the accountant to sign her petition for appointment as administratrix of the estate of the intestate was legal consideration for her promise to divide the proceeds of the action equally among all the heirs. "Any act done by the promisee at the request of the promisor, however trifling the loss to himself or the benefit to the promisor, is a sufficient consideration for a promise made without fraud, and with full knowledge of all the circumstances." *Doyle* v. *Dixon,* 97 Mass. 208, 213. *Wit* v. *Commercial Hotel Co.* 253 Mass. 564, 572. The promise made by the accountant was not to share the amount recovered with particular individuals but was to share it equally with all other members of the family as a class. Upon the faith of that general promise some of the heirs at law signed their assent to the petition for the appointment of Mrs. Ashley as administratrix. Under that promise in equity and good conscience the proceeds are held for the benefit of the class. The present proceeding is not an action at law to recover on the promise. It is a proceeding for accounting of the estate of an intestate. Equitable principles are applicable in order to reach a just result. The accountant occupies a fiduciary position. The Probate Court has jurisdiction to adjust her accounts as administratrix respecting the money received as the result of the settlement. *Sargent* v. *Sargent,* 168 Mass. 420. *Koutoudakis* v. *Great American Indemnity Co.* 285 Mass. 466, and cases reviewed at pages 469–470. *Cook v. Howe,* 280 Mass. 325.

The circumstances and findings in the case at bar show that the accountant has no right to this fund superior to that of the other heirs at law of the intestate. Her antecedent promise justifies the finding that she has money in her hands which in equity and good conscience she ought to share with the other heirs at law even though no direct consideration moved from every one of them to the accountant. *Forbes* v. *Thorpe,* 209 Mass. 570, 581–582. *Mellen* v. *Whipple,* 1 Gray, 317, 322. *Central Supply Co.* v. *United States Fidelity & Guaranty Co.* 273 Mass. 139, 144.

*Decree affirmed.*