FLORA ANN O'REILLY *vs.* WILLIAM F. O'REILLY.

Essex.     January 14, 1936. — January 29, 1936.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS. JJ.

*Probate Court,* Reopening of hearing, Appeal, Findings by judge.

The reopening of a hearing in a probate court lies in the discretion of the judge.

Findings of fact by a judge of probate on reported testimony stand on appeal unless plainly wrong.

PETITION for separate maintenance, filed in the Probate Court for the county of Essex on January 10, 1935.

The case was heard by *Dow,* J.

*L. Curtis,* for the petitioner.

*J. F. Doyle,* for the respondent.

RUGG, C.J. It is alleged in this petition for separate support that the respondent failed without just cause to furnish suitable support for the petitioner, that he has deserted her, and that she is living apart from him for justifiable cause, with specifications that he has been guilty of cruel and abusive treatment toward her. The evidence is reported in full. A decree was entered to the effect (1) that the petitioner was actually living apart from her husband; (2) that the other allegations of the petition were not sustained; (3) that the custody of a minor child of the petitioner and the respondent be awarded to her; and (4) that the respondent pay the petitioner stated sums for

the support of that child. The trial judge, at the request of the petitioner, made a report of the material facts found by him. These findings were categorical that the respondent has not failed to furnish suitable support for the petitioner, that he has not deserted her, and that his conduct was not such as to justify the petitioner in leaving him. He further found that the description given by the petitioner of the conduct of the respondent was exaggerated, that the respondent never struck or threatened to strike her, that her health was not affected, that their quarrels were mutual, that she was unreasonable in her demands for money, and that the cause of the final separation was the act of the respondent in cutting down the allowance of the petitioner from $750 to $500 per month. The only witnesses were the petitioner and her elder daughter. The petitioner appealed.

After the hearings were closed the petitioner filed a motion supported by affidavit to introduce additional evidence. The denial of this motion in the circumstances disclosed rested in the discretion of the trial judge and was not erroneous in law. *Troeder* v. *Hyams*, 153 Mass. 536, 541. *Wells* v. *Wells*, 209 Mass. 282, 291. *Walsh* v. *Cornwell*, 272 Mass. 555, 561.

The practice in probate appeals conforms to that in equity so far as practicable and applicable. *Churchill* v. *Churchill*, 239 Mass. 443, 445. The appeal, therefore, brings before this court questions of fact as well as of law. Although this court examines the evidence and decides the case upon its own judgment, a decision of the trial judge based upon oral testimony will not be reversed unless plainly wrong. The record has been carefully examined. The questions determined were purely matters of fact depending upon the credibility of witnesses and the weighing of evidence. The findings were not plainly wrong. *Lindsey* v. *Bird*, 193 Mass. 200, 201. *Rodrigues* v. *Rodrigues*, 286 Mass. 77, 80. No ruling of law appears to have been made. It cannot be said that the trial judge misinterpreted *Murray* v. *Murray*, 255 Mass. 19. Cases of this kind depend largely upon their special circumstances and are

of little value as precedents.   The evidence need not be stated or discussed.   *Ecklund* v. *Ecklund*, 288 Mass. 517. *Ashley* v. *Collins*, 292 Mass. 67, 70.   The record discloses no error.

<div align="right">

*Decree affirmed.*