HANNAH T. BURNHAM *vs.* THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA & others.

Essex.  November 15, 1935. — September 10, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Insurance*, Life: change of beneficiary.

One, to whom the insured under a life insurance policy had delivered the
policy voluntarily but not under a valid contract to substitute him
as beneficiary, could not maintain a suit in equity for the proceeds of
the policy after the death of the insured where it appeared that there
had been no change of beneficiary as required by the terms of the
policy.

BILL IN EQUITY, filed in the Superior Court on April 23,
1934.

In an amended answer, the defendant Frances M. Burn-
ham, widow of the insured, sought enforcement of a right
as beneficiary under the policy of insurance which was
the subject matter of the suit. The suit was heard by
*Williams*, J. From a final decree dismissing the bill and
establishing the claim of the defendant Frances M.
Burnham, the plaintiff appealed.

*R. B. Owen*, for the plaintiff.

*J. J. Gaffney*, for the defendant Frances M. Burnham.

DONAHUE, J. The plaintiff in this bill in equity seeks to
obtain the proceeds of a policy of insurance on the life of
her son who died March 29, 1934. His widow, who is
named in the policy as beneficiary, and the insurance com-
pany which issued the policy are defendants. The policy
had lapsed in October, 1933, by reason of the nonpayment
of a premium when due, but the insurance company ad-
mitted liability under an extended insurance clause in the
policy and left to the court the determination of the person
to whom the proceeds of the policy should be paid.

The case was tried before a judge of the Superior Court

who made a finding of facts, refused certain requests for rulings made by the plaintiff and entered a final decree in favor of the widow of the insured from which the plaintiff has appealed. All the evidence is reported.

The judge found the following facts. Late in the year 1933 the wife of the insured left his home and he went to live with his mother. At that time he handed the insurance policy to his mother, saying in substance "that is yours." He also told her that he would have her named in the policy as beneficiary in place of his wife. In January, 1934, he made a written application to the company for the reinstatement of the policy. The application was sent to the home office of the company and his mother from her own funds paid to the company the unpaid premium. Upon receipt of the application the company required a medical examination of the insured. Such an examination was had on March 24, 1934. A few days later the insured was killed in an accident. At the time of his death his mother still retained possession of the policy. There had been no reinstatement of the policy. In January, 1934, the insured told an agent of the company that he wished to have his mother made beneficiary but he made no written application for a change of the beneficiary.

The policy provided that ". . . the insured may at any time while this policy is in force, by written notice to the company at its home office, change the beneficiary . . . such change to be subject to the right of any previous assignee, and to become effective only when a provision to that effect is endorsed on or attached to the policy by the company, whereupon all rights of the former beneficiary . . . shall cease." None of the acts required by the policy to accomplish a change of the beneficiary was done. There was no compliance with the requirements of the policy, *Goldman* v. *Moses*, 287 Mass. 393, 397, and a finding that the insured's mother had been substituted as beneficiary in place of his wife in compliance with the terms of the policy could not have been made. *French* v. *Provident Savings Life Assurance Society of New York*, 205 Mass. 424, 428. *Kochanek* v. *Prudential Ins. Co. of America*, 262 Mass.

174, 179.   *Resnek* v. *Mutual Life Ins. Co. of New York*, 286 Mass. 305, 308.

It is the contention of the plaintiff that when an insured makes a valid contract with another to substitute him as beneficiary in a life insurance policy, the fact that certain steps required by the terms of the policy in order to effect such a change were not taken does not preclude the proposed new beneficiary from recovering the proceeds of the policy on the death of the insured unless the original beneficiary has a vested right or a superior equity. We need not pass upon the question of law raised since it assumes the existence of a valid contract and that has not been here established.

The plaintiff's requests for rulings which were denied are based on the theory that the insured made a valid contract with her to substitute her as beneficiary in place of his wife. The only evidence tending to show that such a contract was made appears in the oral testimony of the mother. She testified in substance that the insured said he would make the policy over to her if she would provide him with board and lodging and that she agreed to do so. The judge manifestly did not give credit to that testimony. In his statement of his findings he referred to the contention of the plaintiff but specifically found that no such contract was made. The plaintiff contends that the finding was wrong and that this court should reverse it.

The position of this court on equity appeals with respect to findings of fact made by a trial judge has frequently been stated. *Trade Mutual Liability Ins. Co.* v. *Peters*, 291 Mass. 79, 83–84, and cases cited. This is not a case where the decision depends upon inferences to be drawn from facts not substantially in dispute. Compare *Newburyport Society for the Relief of Aged Women* v. *Noyes*, 287 Mass. 530, 532; *Bratt* v. *Cox*, 290 Mass. 553, 557–558. This is a case where the oral testimony of a party, as to alleged primary facts which are essential to the establishment of her contention, was not believed by the trial judge. We have before us in print the words which the witness spoke. The trial judge, however, in passing upon the credibility of her

testimony had the opportunity of seeing and hearing her testify. *Bankers Trust Co.* v. *Dockham*, 279 Mass. 199, 200. *Tuells* v. *Flint*, 283 Mass. 106, 109. Giving due weight to the advantage which he had, we cannot say that his finding was wrong.

*Decree affirmed.*