CHARLOTTE DENAULT, administratrix, *vs.* WILFRID CADORETTE.

Middlesex. March 2, 1937. — June 30, 1937.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Trust*, Constructive. *Probate Court*, Decree. *Equity Pleading and Practice*, Decree. *Equity Jurisdiction*, To enforce trust. *Executor and Administrator*, License to sell real estate.

A decree in equity in a probate court, ordering payment by the respondent to the petitioner of $1,483.60, the proceeds of two savings bank accounts, was within the scope of a petition, the averments in which referred to the deposits as being $300 and $600, respectively, but only by way of valuation of accounts otherwise identified, and which prayed that "the money in the accounts" be paid to the petitioner.

An administrator selling real estate under a license has power but no title.

An administrator licensed to sell land of his intestate held by another upon a constructive trust was entitled to a perpetual injunction restraining the trustee from claiming or interfering with the land or its proceeds, but not to a deed from him.

PETITION IN EQUITY, filed in the Probate Court for the county of Middlesex on October 10, 1935.

The petition was heard by *Leggat*, J.

*H. V. Charbonneau*, for the respondent.

*A. L. Bourgeois*, for the petitioner.

LUMMUS, J.  One Joseph Cadorette of Lowell died intestate in February, 1934, leaving as his only heir his son Albert Cadorette.  Charlotte Denault, a niece, was appointed administratrix.  She obtained a license to sell for the payment of the debts of her intestate a parcel of land on Ennell Street in Lowell, title to which stood in the name of the brother of her intestate, the respondent Wilfrid Cadorette, but which she alleges was held by him under a constructive trust for her intestate.  She alleges also that two savings bank accounts in the name of her intestate in trust for the respondent were the property of her intestate alone.  She filed a petition in equity in the Probate Court praying that the real estate and bank books be declared assets of the estate, and that the respondent be restrained from conveying or transferring them and ordered to surrender them.  From a decree for the petitioner as to both the real estate and the bank books, the respondent appealed.

It appeared that before the acquisition of the property in question Joseph Cadorette had deserted his wife in Newark, New Jersey, and had removed to Lowell.  He feared to hold property in his own name, because of the danger that his wife would attach it.  The whole evidence is before us for review, subject to the familiar rule as to the weight to be given to the findings of the trial judge made upon oral testimony.  *Trade Mutual Liability Ins. Co.* v. *Peters*, 291 Mass. 79, 83–84.  *Spiegel* v. *Beacon Participations, Inc.* 297 Mass. 398, 407–408.  No useful purpose would be served by a recital of the evidence in this case.  It is enough to say that we see no reason to disagree with the findings of the trial judge.  *Ecklund* v. *Ecklund*, 288 Mass. 517.  *O'Reilly* v. *O'Reilly*, 293 Mass. 332, 333.

The respondent urges that the decree goes beyond the scope of the petition, in that the petition states the amount on deposit in the Lowell Five Cent Savings Bank as $300 and that on deposit in the City Institution for Savings as $600, while the decree orders the respondent to pay the

petitioner "the proceeds of said savings bank accounts, being the sum of" $1,483.60, with interest from February 28, 1934, the date when the respondent withdrew the amounts on deposit. But the petition stated the amounts only by way of valuation of accounts otherwise identified. The exact words are: "The deceased, Joseph Cadorette . . . had funds on deposit in various banks, to wit: Lowell Five Cent Savings Bank, $300; City Institution for Savings, $600 . . . in the name of Joseph Cadorette, in trust for Wilfrid Cadorette," and the prayer asks that "the money in the accounts above referred to be declared to be assets of the estate." We think that the decree was within the scope of the petition.

The decree orders the respondent to convey to the petitioner the real estate in question. An administrator selling under a license has power but no title. *Hooker* v. *Porter*, 271 Mass. 441, 446. *Patrick* v. *Dunbar*, 297 Mass. 40, 43. There is no need of investing him with title. The decree of November 1, 1935, is to be modified by striking out the words, "convey to said petitioner, as she is administratrix as aforesaid, said real estate" and by inserting in the place thereof the words, "be and hereby is perpetually enjoined and restrained from entering upon, occupying, claiming, conveying, encumbering, bringing any action or suit for, or in any way interfering with said real estate or the proceeds thereof," and as so modified it is

*Affirmed.*