MILDRED TURNER COPPERMAN *vs.* EVA B. TURNER & others.

Essex.     May 1, 1939. — June 30, 1939.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Probate Court*, Appeal, Findings by judge.

Findings by a judge of probate on reported evidence, that a will, proof of which was contested by the testator's wife and three daughters, was not procured to be executed by undue influence of a woman not related to him, was warranted.

PETITION, filed in the Probate Court for the county of Essex on November 26, 1937.

Mildred T. Copperman, the intervener, was not related to the testator.

*A. F. Gerstein*, (*M. J. Reardon* with him,) for the respondents.

*H. F. R. Dolan*, (*M. Borenstein* with him,) for the intervener.

DOLAN, J. These are appeals from a decree entered in the Probate Court allowing an instrument presented for probate as the last will and testament of Herbert B. Turner, late of Gloucester, deceased. The appellants are the wife and daughters of the deceased. They are his heirs.

The sole issue for determination is whether the instrument was procured to be made by the deceased by reason of undue influence exercised upon him by Mildred T. Copperman, who was permitted to intervene as a party proponent in the proceedings for probate in the court below. The executors named in the instrument, who are brothers of the deceased, filed the petition for probate and, prior to the trial, declined to serve.

The evidence is reported (G. L. [Ter. Ed.] c. 215, § 12) and at the request of the appellants the judge made a report of material facts found by him. G. L. (Ter. Ed.) c. 215, § 11. It is therefore our duty to examine the evidence and to decide the case according to our judgment, giving due weight to the findings of the judge, which will not be reversed unless they are plainly wrong. *Trade Mutual Liability Ins. Co.* v. *Peters,* 291 Mass. 79, 84. *Smith* v. *Stratton,* 302 Mass. 17, 19.

We have examined the record carefully. The question determined is one of fact, depending upon the credibility of witnesses and the weighing of evidence. The subsidiary facts found by the judge are amply supported by the evidence, and his ultimate finding, that by the instrument offered for probate the deceased expressed his own will, is consistent with the subsidiary facts found. The parties interested are familiar with the facts disclosed by the evidence. It would add nothing to our jurisprudence to state or discuss it, or to recite the findings of fact made by the judge, which cannot be said to be plainly wrong.

*Decree affirmed.*