GERALD J. CULHANE *vs.* WILLIAM J. FOLEY, executor.

Norfolk. November 13, 1939. — March 28, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Attorney at Law. Executor and Administrator*, Attorney's services. *Probate Court*, Appeal. *Evidence*, Judicial notice.

On appeal from a decree of a Probate Court determining an amount due an attorney at law for professional services rendered in a will contest to the proponent of and executor named in the will, the omission from the appeal record of the record and the attorney's brief on an earlier appeal relating to the contest, which had been introduced in evidence as exhibits, did not preclude this court's considering the case as on an appeal with a full report of the evidence; this court took judicial notice of the omitted documents.

Evidence as to services rendered and expenses incurred by an attorney at law and his associate on behalf of the proponent of and executor named in a will in connection with a contest thereof, where the estate was appraised at about $135,000, warranted the entry of a decree on a petition under G. L. (Ter. Ed.) c. 215, § 39, determining the amount due therefor to be $12,000.

PETITION, filed in the Probate Court for the county of Norfolk on December 30, 1938.

The petition averred that the services rendered and expenses incurred were "in connection with the contest of the will of the late Kate S. Gallaher."

The case was heard by *McCoole, J.*

*J. F. Connolly*, for the respondent.

*F. H. Harding,* (*G. J. Culhane* with him,) for the petitioner.

LUMMUS, J.    Upon a petition under G. L. (Ter. Ed.) c. 215, § 39, the Probate Court ascertained and determined the amount due the petitioner for professional services, including expenses, as an attorney at law, rendered to the respondent as proponent and executor of the will of Kate S. Gallaher, in connection with the administration of her estate, to be the amount of $12,000. *Moushegian* v. *Sheppard,* 279 Mass. 49.    The respondent appealed.

The judge made no report of facts.    The evidence, however, is reported.    The petitioner contends that the failure to include in the reported evidence the printed record on appeal in *Foley* v. *Philbrook,* 300 Mass. 418, in which case most of the petitioner's services were performed, and the proponent's brief in that case, both of which were introduced in evidence as exhibits upon the present petition, makes incomplete the record on the present appeal, and precludes a reversal of the decree upon the ground that it was wrong upon all the evidence. *Romanausky* v. *Skutulas,* 258 Mass. 190, 194.    *Yoffa* v. *National Shawmut Bank of Boston,* 288 Mass. 422, 426.    *Paloeian* v. *Day,* 299 Mass. 586, 587.    *Gleason* v. *Hastings,* 300 Mass. 305, 307.    *Gorey* v. *Guarente,* 303 Mass. 569, 570.    But in the present case duplicates of the omitted exhibits happen to be part of the files of this court on the earlier appeal relating to the same estate, and we may take judicial notice of them. *Commonwealth* v. *DiStasio,* 298 Mass. 562, 567.    Therefore the omission is inconsequential.

In a probate appeal with a report of the evidence, the equity rule applies that the appeal opens all questions of fact, discretion and law presented by the record.    But the court does not reverse a finding of fact that depends in part at least upon the view taken by the judge of the credibility of oral testimony, unless convinced that the finding is plainly wrong. *Trade Mutual Liability Ins. Co.* v. *Peters,* 291 Mass. 79, 83, 84, and cases collected.    *King* v. *Grace,* 293 Mass. 244, 248.    *O'Reilly* v. *O'Reilly,* 293 Mass. 332. *Burnham* v. *Prudential Ins. Co.* 295 Mass. 387, 389.    *Spiegel* v. *Beacon Participations, Inc.* 297 Mass. 398, 408–410.    *De-*

nault v. *Cadorette*, 298 Mass. 67, 68. *Boston* v. *Dolan*, 298 Mass. 346, 348. *Knowles* v. *Newhall*, 303 Mass. 385. *Copperman* v. *Turner*, 303 Mass. 448. *Hiller* v. *Hiller*, *ante*, 163. See also *Long* v. *George*, 296 Mass. 574, 579.

Many of the facts are stated in the opinion in *Foley* v. *Philbrook*, 300 Mass. 418, in which a decree denying a motion for jury issues filed by the contestants of the will, four cousins who were the heirs at law, was affirmed. Later, on the eve of the hearing in the Probate Court upon the allowance of the will, a compromise was made by which the contestants received $10,500 and withdrew their opposition. The will was then allowed, and the respondent was appointed executor. He received the entire estate, except for legacies aggregating $7,000 to his sisters and for other legacies aggregating $3,000. He was not a relative by blood, although his family and that of the decedent had some connection. The estate was appraised at about $135,000, and there was evidence of a greater value. The petitioner expended more than $800 and a great amount of time. He employed to help him another lawyer who performed extensive services which were charged to the petitioner. The petitioner was admitted to the bar in 1921, and at the time of the work in question was regularly employed by the city of Boston at an annual salary of $3,500 as an attorney in its law department. In that position he had tried many jury cases. Apparently he had not attained such eminence at the bar as to make his time unusually valuable because of a great demand for his services. But he performed a work of great labor competently and successfully. Giving weight to the considerations mentioned in *Cummings* v. *National Shawmut Bank of Boston*, 284 Mass. 563, 569, and *King* v. *Grace*, 293 Mass. 244, 251, we cannot say that the compensation allowed was excessive. Further discussion of details is not required. *Ecklund* v. *Ecklund*, 288 Mass. 517. *O'Reilly* v. *O'Reilly*, 293 Mass. 332.

*Decree affirmed.*