ORELAND EQUIPMENT CO. *v.* COPCO STEEL & ENGINEERING CORP.

1. APPEAL AND ERROR—MOTION TO DISMISS—WELL-PLEADED MATERIAL FACTS TAKEN AS TRUE.
    . Well-pleaded allegations of material facts and circumstances in a sworn bill of complaint and the necessary inferences to be drawn therefrom must be considered as true on appeal from order dismissing the bill on motions of three defendants to dismiss the bill.

2. SAME—MOTION TO DISMISS—JURISDICTION—QUESTIONS REVIEWABLE.
    On appeal in suit for specific performance from order dismissing sworn bill of complaint, where record conclusively establishes it was dismissed on defendants' motions after oral arguments in open court, which motions sought dismissal on jurisdictional grounds, the only question for Supreme Court is whether plaintiff has established jurisdiction in equity.

3. SPECIFIC PERFORMANCE—EQUITY—JURISDICTION.
    A court of equity may decree specific performance of a contract to deliver specific or ascertained goods (2 Comp. Laws 1929, § 9507).

Difficulty of obtaining substantial equivalent of promised performance as ground for specific performance, see 2 Restatement, Contracts, § 361 (c).

4. SAME—CONTRACT FOR PURCHASE OF COPPER AND BRASS—FRAUD
   —DELIVERY.
   Bill for specific performance of contract between plaintiff and
   one defendant for delivery to plaintiff of a quantity of
   copper and brass *held,* to have sufficiently alleged facts and
   circumstances tending to show fraud on part of defendants to
   prevent plaintiff from obtaining delivery of particular ma-
   terial contracted for.

5. FRAUD—PRESUMPTIONS—INFERENCES—EVIDENCE.
   Fraud will not be presumed or lightly inferred but must be
   clearly proved by one alleging it and may be proved by facts
   and circumstances which satisfy the mind of its existence.

6. SAME—PLEADING—DAY IN COURT—EVIDENCE.
   Where fraud is sufficiently alleged in plaintiff's pleading, he
   is entitled to his day in court and an opportunity to prove
   his claim; hence dismissal of his bill of complaint on de-
   fendants' motions to dismiss is error.

7. SPECIFIC PERFORMANCE—ADEQUACY OF REMEDY AT LAW—PAR-
   TICULAR PERSONAL PROPERTY—AVAILABILITY IN MARKET.
   Plaintiff who had agreed with first defendant to purchase copper
   and brass then owned by a third party would not have an ade-
   quate remedy at law for damages for breach of such contract
   since recovery therein, if any, would be limited to such de-
   fendant, where bill for specific performance and injunction
   alleged that such defendant fraudulently joined with other
   defendants in a plan whereby first defendant did not com-
   plete his purchase of the property from the third party but
   title thereto was taken in the name of other defendants at
   about the time plaintiff and first defendant had entered into
   contract involved herein, that plaintiff had a particular need
   for such material and that equivalent material was not obtain-
   able in the market.

8. SAME—MOTION TO DISMISS—QUESTIONS OF FACT.
   Issues of fact in a suit for specific performance cannot be dis-
   posed of on a motion to dismiss.

Appeal from Wayne; Merriam (DeWitt H.), J.
Submitted October 4, 1944. (Docket No. 22, Calen-
dar No. 42,744.) Decided November 30, 1944.

Bill by Oreland Equipment Company, a copart-
nership consisting of Jacob H. Epstein, Mary Ep-

stein and David Fisher, against Copco Steel & Engineering Corporation, Thomas Rosen, Boyd Carnick, Henry Carnick and Harry Carnick for specific performance of a contract for sale of brass and copper, to determine the interest and ownership of various defendants to former plant of Antrim Iron Company and for other relief. Bill dismissed. Plaintiffs appeal. Reversed and remanded for further proceedings.

*Dickinson, Wright, Davis, McKean & Cudlip* (*Glenn D. Curtis,* of counsel), for plaintiffs.

*Meyers & Keys,* for defendant Henry Carnick.

*Morse D. Campbell,* for defendants Copco Steel & Engineering Corporation and Boyd Carnick.

BOYLES, J. Plaintiff filed a sworn bill of complaint in the Wayne circuit court asking that the court determine the interest of the various defendants in the property covered by a certain contract, that the defendants be restrained from selling or disposing of said property, and that they be required to specifically perform said contract. A temporary restraining order was issued by the court in accordance with the prayer of the bill. The record fails to show that the court acquired jurisdiction as to defendants Thomas Rosen and Harry Carnick and they are not parties on this appeal. The bill of complaint did not waive sworn answers and defendants Copco Steel & Engineering Corporation, Boyd Carnick and Henry Carnick each filed a separate sworn answer alleging substantive matter. (See Court Rule No. 17, § 11 [1933].) Said three defendants also filed separate motions to dismiss the bill of complaint, each alleging in substance that plaintiff had

an adequate remedy at law, that equity had no juris-
diction over the subject matter, and that the bill of
complaint failed to set up a cause of action cogniz-
able in equity.  On hearing the motions, the circuit
judge entered an order dissolving the restraining
order and dismissing the bill of complaint, stating
in an opinion that it would be impossible to effectu-
ate specific performance of the contract, and that an
action at law was more adequate to determine plain-
tiff's damages, if any.  Plaintiff appeals.

The bill of complaint alleges that prior to Decem-
ber 13, 1943, the Antrim Iron Company was offering
for sale the material and equipment in a plant owned
by it at Antrim, Michigan; that Thomas Rosen, and
one Joshua Epstein representing the plaintiff co-
partnership placed bids for said property which
were opened on December 13, 1943, and that Thomas
Rosen was the highest bidder, having bid approxi-
mately $70,000; that he was unable to satisfy the
Antrim company as to financial ability and asked for
a week's extension to complete financial arrange-
ments, representing to the Antrim company that he
had contracted to sell the copper and brass in said
plant to plaintiff who would make a substantial ad-
vance payment, that the Copco company or some of
its officers were associated with him and would as-
sume responsibility for completing the payment.
The bill alleges that Joshua Epstein verified to the
Antrim company Rosen's statement that plaintiff
had agreed to purchase the copper and brass and
make a substantial down payment; that therefore
the Antrim company granted Rosen until December
20th to complete the payment under his bid.  The
bill alleges that Rosen and Joshua Epstein then went
to Detroit and made an agreement with Copco Steel
& Engineering Corporation whereby the copper and
brass in the plant was to be sold to plaintiff, that.this

agreement was reduced to writing, that the Copco company notified Joshua Epstein it had decided to make the contract in the name of one of its officers, that later on the same day defendant Rosen, together with Boyd Carnick and an attorney for the Copco company, appeared with Epstein at his attorneys' office, stated they had decided to have the contract in the name of Boyd Carnick and presented a written contract for execution by the plaintiff, that thereupon a check for down payment of $10,000 was delivered by plaintiff to the attorney for Boyd Carnick and the contract was executed. A copy of this contract is attached to the bill of complaint and it purports to be an agreement between Boyd Carnick and the plaintiff copartnership, recites that whereas Boyd Carnick was to purchase the Antrim company's plant equipment at Antrim and the plaintiff herein was desirous of purchasing the copper and brass in said plant, Boyd Carnick agreed to sell, and plaintiff herein agreed to purchase, all of said copper and brass equipment (except certain wiring, et cetera) at a designated price. The contract covers in detail what was to be done in regard to the removal and weighing of the copper and brass, how payments were to be made, and contains a statement that it was agreed Boyd Carnick was not the owner of the copper and brass but was about to consummate an agreement for the purchase of the Antrim plant, and that if for any reason this purchase by Boyd Carnick was not consummated the parties to the contract were released from any obligation. The bill further alleges that the $10,000 down payment made by plaintiff to Boyd Carnick when the contract was signed was delivered to the attorney for Boyd Carnick under an escrow agreement, a copy of which is attached to the bill and which provides that upon the consummation of the purchase of the Antrim

Iron Company plant by Boyd Carnick the check thus held by the escrow agent should be delivered to Boyd Carnick. The bill alleges that on December 20th defendants Harry Carnick, Henry Carnick and Rosen, with their attorney, closed the purchase agreement with the Antrim company by taking the property in the names of Harry Carnick and Henry Carnick; that taking the plant in their names was in pursuance of a fraudulent scheme to avoid the contract with the plaintiff, taken in the name of Boyd Carnick; that the defendants have refused to recognize or perform the contract between Boyd Carnick and the plaintiff; that the plaintiff has a particular need for the material, being unable to purchase equivalent property in the market, wherefore plaintiff claims it is entitled to an injunction restraining all of the defendants from disposing of this material, and that it is entitled to specific performance of the contract signed by Boyd Carnick.

The case comes to us on appeal from an order dismissing the bill of complaint, on motion of these three defendants. For the purposes of this appeal, well-pleaded allegations of material facts and circumstances in the bill of complaint and the necessary inferences to be drawn therefrom must be considered as true. The statement of facts in appellant's brief and appellees' counterstatement of facts, as well as the argument of counsel in their briefs, discuss and rely on facts alleged by defendants in their answers. This might be proper if the case had been submitted to the lower court on the pleadings or on proofs. However, the record clearly shows that all three of the defendants who appeared in the case filed written motions to dismiss the bill of complaint on jurisdictional grounds, that the court filed an opinion stating that the cause was submitted on four *motions*—plaintiff's motion for an in-

junction, and defendants' three separate motions to dismiss the bill of complaint. The record conclusively establishes that the bill of complaint was dismissed on the three motions of the defendants, after oral argument in open court. Under these circumstances, the only questions before us are (1) whether plaintiff has an adequate remedy at law, and (2) whether well-pleaded allegations of material facts and circumstances in the bill of complaint sufficiently set up grounds for relief cognizable in a court of equity.

The primary objective sought by plaintiff is the specific performance of a written contract between plaintiff and one of the defendants—Boyd Carnick. The other defendants are brought into the case by the averment that they joined with Boyd Carnick in certain doings to defraud the plaintiff by taking the material in the names of Henry and Harry Carnick and thus attempting to avoid the contract—that all of the defendants were the real parties in interest, acting in concert to defraud the plaintiff out of delivery of the copper and brass.

A court of equity may decree specific performance of a contract to deliver specific or ascertained goods. 2 Comp. Laws 1929, § 9507 (Stat. Ann. § 19.308); *Cole* v. *Cole Realty Co.*, 169 Mich. 347; *Michigan Sugar Co.* v. *Falkenhagen*, 243 Mich. 698.

The bill of complaint sufficiently alleges facts and circumstances tending to show fraud on the part of the defendants, to prevent plaintiff from obtaining delivery of the copper and brass. The bill alleges the particular need of plaintiff for this material, that plaintiff is unable to acquire equivalent material in the market. The law is well settled that fraud will not be presumed or lightly inferred but must be clearly proved by the one alleging it. *Mesh* v. *Citrin*, 299 Mich. 527. It is equally well established that fraud, like any other fact, may be proved by

facts and circumstances which satisfy the mind of its existence. *Richardson* v. *Ball,* 300 Mich. 424. Where fraud is sufficiently alleged, the injured party is entitled to his day in court and an opportunity to prove his claim. In the case at bar, plaintiff does not have an adequate remedy at law against these defendants. In law, a suit for damages for breach of the contract with Boyd Carnick would be limited to recovery, if any, against Boyd Carnick alone. Plaintiff has a right to its day in court to prove its allegations of fraud and its particular need for the copper and brass, that this material could not be acquired in the market at the time of making the contract with Boyd Carnick. All of this would be relevant to show that the only adequate remedy afforded plaintiff would be specific performance. The contract between Boyd Carnick and plaintiff provided that if the purchase *by Boyd Carnick* was not consummated, the parties were released from all obligation (except return of any payments made). In a suit at law against Boyd Carnick this provision would be a complete defense, as Boyd Carnick did not complete the purchase, at least in his own name. The facts and circumstances alleged in the bill of complaint are relevant as against the defendants herein to show fraud, not merely limited to damages for breach of contract. If it be proved that by actionable fraud some or all of the defendants became parties to a transaction whereby plaintiff was defrauded, the fact that the purchase of the copper and brass was made in the name of some of the defendants other than Boyd Carnick would not be a complete defense.

It readily appears from reading the bill of complaint and answers that issues of fact are involved, as well as questions of law. Whether the allegations in the bill will be established by proofs or admissions so as to justify a court of equity in granting

equitable relief against one or more of the defendants will of course depend upon the further progress of the case. Issues of fact cannot be disposed of on a motion to dismiss. *Brotherton Co.* v. *Jackson*, 231 Mich. 604.

Reversed and remanded for further proceedings. Appellant may have costs.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred.