REO *v.* VECCHIO.

1. TRIAL—INTERPRETERS—DISCRETION OF COURT.
    It was not error nor an abuse of discretion for the trial court to continue trial of case for a while under the first interpreter for non-English speaking plaintiff, where eventually the trial court continued the case and plaintiff had an opportunity for full presentation of her testimony and case and correction of any errors therein through a competent interpreter.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 29.
[2] 16 Am Jur, Deeds §§ 62, 446.
[3] 16 Am Jur, Deeds §§ 395, 446.
[4, 6] 16 Am Jur, Deeds §§ 392, 446.
[5] 24 Am Jur, Fraud and Deceit § 256.

2. DEEDS—INADEQUACY OF CONSIDERATION—BURDEN OF PROOF—EVI-
DENCE.

> Plaintiff widow failed to sustain her burden of proof as to
> inadequacy of consideration for deed of realty to defendant,
> which plaintiff claimed was intended to be a lease, where
> defendant claimed that he had paid plaintiff as much for
> the property as she and her late husband had paid therefor
> and it is apparent that the lots deeded as well as other
> of plaintiff's properties were subject to back taxes and tes-
> timony disclosed an urgent need for money on her part.

3. SAME—IMPROPER RELATIONSHIP—EVIDENCE.

> Evidence was insufficient to show that deed which plaintiff
> widow claimed she had understood was a lease had grown
> out of improper relationship which plaintiff claimed de-
> fendant bachelor had insisted upon and which she claimed had
> occurred in October or November, 1947, where defendant
> showed he was in Italy then and did not arrive back in this
> country until late in December that year.

4. SAME—FRAUD—EVIDENCE.

> Claim of plaintiff widow that defendant bachelor had deceived
> plaintiff into thinking that deed which she had signed was
> in fact a lease for 2 years *held,* not sustained, where evidence
> shows that plaintiff had had possession of an offer to pur-
> chase for about 3 months before the deed was executed and
> the offer clearly showed the transaction to be a purchase
> and sale and not a lease.

5. FRAUD—PRESUMPTION—INFERENCE—EVIDENCE.

> Fraud will not be presumed or lightly inferred but must be
> clearly proved by one alleging it and may be proved by facts
> and circumstances which satisfy the mind of its existence.

6. DEEDS—FRAUD—EVIDENCE.

> Testimony adduced in suit to cancel deed of realty *held,* not
> to warrant cancellation thereof on ground of fraud, mis-
> representation or over-reaching nor that the purchase was
> void as unconscionable.

Appeal from Macomb; Noe (Alton H.), J.    Sub-
mitted June 10, 1954.    (Docket No. 34, Calendar No.
45,849.)  Decided September 8, 1954.

Bill by Rosata Reo, also known as Roselide Reo, against Nick Vecchio to set aside deed. Bill dismissed. Plaintiff appeals. Affirmed.

*Mary A. DiDio,* for plaintiff.

*Carroll & Gallagher* (*Howard R. Carroll,* of counsel), for defendant.

Reid, J. Plaintiff appeals from a decree dismissing her bill.

This is a proceeding in chancery brought by the plaintiff Rosata Reo, seeking to have the court cancel and set aside a warranty deed made by plaintiff and delivered to defendant, Nick Vecchio, on February 19, 1949, and recorded on February 23, 1949, in liber 755 of deeds at page 297, Macomb county records.

The 10 vacant lots described therein were purchased by plaintiff and her deceased husband together with approximately 65 other vacant lots on October 8, 1943, April 12, 1944 and June 27, 1944.

The testimony reveals that plaintiff executed an offer to purchase the lots in question, exhibit A.

Plaintiff claims that 6 of the lots, 19 through 24, front on Kelley road, a well-traveled highway, and all of the lots are in one contiguous parcel. There is a cement block building, 24' x 34', in the center of lot 104 which is 1-1/2 stories high with a frame building attached.

The plaintiff contends the defendant kept coming to see her and proposing marriage and that though she at first refused, their relationship became more intimate and she finally accepted. The defendant then, according to the plaintiff, conceived the idea of telling her that he was going to build tourist cabins on the property which they could rent out for income after they were married, and she claims that he

also told her that he would finish the block building, already partially finished, for their own home. She claims that in order to induce her to sign "the papers" he told her that if he was going to build on the property he needed certain papers to prove he was not a trespasser, and that he told her the best solution was for her to sign a lease for 2 years for which she received $700. Defendant and his witnesses testify she was paid $1,000 as the consideration and the offer to purchase indicates the consideration as $1,000.

The plaintiff claims the defendant by reason of his representations as to their intended marriage, induced her to execute the instrument which she believed to be a lease; that the plaintiff later learned through a friend that she had signed a deed and not a lease. She claims that the friend then took her to an attorney and this suit was started.

An examination of the record discloses that plaintiff's attorney made a statement at the inception of the taking of testimony on the hearing that he would attempt to try the case without an interpreter, but said that if he ran into difficulty, he would have to get an interpreter. Plaintiff thereupon was sworn and examined by her attorney, Mr. Rice. Shortly after her testimony had begun, an interpreter was sworn, but he seems to have proven unsatisfactory. After defendant's attorney, Mr. Carroll, had proceeded with some cross-examination, the hearing was continued from November 14, 1951 to January 2, 1952, at which time a new interpreter interpreted the testimony of plaintiff.

Plaintiff claims that the court was in error in permitting the first interpreter to continue, plaintiff claiming that the interpreter was obviously incompetent to understand or to interpret plaintiff's testimony. Plaintiff fails to point out wherein plaintiff was prejudiced or her case failed of full presenta-

tion. She had an opportunity of full presentation of her testimony through a competent interpreter. No abuse of discretion on the part of the trial judge is shown. See *Swift* v. *Applebone*, 23 Mich 252. In any event, it seems clear that on the resumption of the hearing on January 2, 1952, the plaintiff was given a full opportunity to cause the correction of any errors in her testimony and to bring about a complete and proper presentation of her case.

Plaintiff further claims that the transaction between the parties was unconscionable because of the inadequacy of the consideration. However, defendant claims that the plaintiff received as much for the lots that she deeded to him as she and her husband paid for them. Apparently plaintiff urgently needed the money that she received for the lots which she deeded to defendant, which lots were subject to back taxes and it seems that she owed back taxes on other lots which had been bought by herself and husband at the same time she bought the lots that are in controversy in this case.

Plaintiff further claims that the transaction in question herein complained of grew out of improper relationship which the defendant had insisted upon. Apparently the improper relationship is claimed by her to have occurred in October or November, 1947. Defendant, however, claims that he first met plaintiff around October or November, 1948, that he was in Italy in November, 1947 and arrived back in New York on December 23, 1947, and offers his passport in support of his testimony.

Plaintiff further claims that she was deceived by defendant into thinking that the deed which she signed to plaintiff of the 10 lots was in fact a lease for 2 years. The record shows that the offer to purchase for $1,000 is dated November 20, 1948. The deed is dated February 19, 1949. Apparently plaintiff for about 3 months before the deed was actually

made, had the offer to purchase in her hands, which would show that the transaction was a purchase and sale and not a lease. The testimony of defendant that it was a deed and that it was fully explained to her and apparently understood by her is supported by the testimony of witnesses Thomas and Neil, who are witnesses to the deed, Mr. Neil being also a witness to the offer to purchase.

Defendant claims he first met plaintiff in October or November of 1948. Defendant testified he wanted to purchase a small tract of land, heard that plaintiff had some land for sale, went to her home, returned on one occasion to discuss the matter, received a letter from plaintiff, saw plaintiff again, went out to look the lots over, returned to plaintiff's home, signed exhibit A in the presence of Mr. Neil, a real-estate salesman, saw plaintiff deliver abstract of title to Mr. Neil, had the abstract of title examined by an attorney, returned to home of plaintiff with Mr. Neil and Mr. Thomas, saw plaintiff execute an affidavit and the warranty deed and paid her $1,000. He further denies that he intended to erect tourist cabins thereon or so informed plaintiff and offered exhibit 14, at pages 14 and 21, in evidence, the same being the zoning ordinance for the city of East Detroit which prohibits the erection of tourist cabins in the city and restricts the lots in question to residential use only.

Mr. Neil testified that he explained the transaction to plaintiff, that plaintiff agreed with defendant on the terms, that plaintiff and defendant together gave him the information to insert in the various instruments.

Mr. Thomas testified that he was present at the closing, and he supported the testimony of Mr. Neil.

The issues in this case are factual. Fraud will not be presumed or lightly inferred but must be clearly proved by one alleging it and may be proved

by facts and circumstances which satisfy the mind of its existence. *Oreland Equipment Co. v. Copco Steel & Engineering Corp.*, 310 Mich 6. See, also, 37 CJS, p 393, Fraud, § 94, and Michigan decisions there cited at page 395.

In view of the whole situation of the testimony, we consider that the trial court came to the correct conclusion, that the testimony did not warrant the cancellation of the deed in question on any ground of fraud, misrepresentation or overreaching. The purchase by defendant is not to be considered as void as being unconscionable. The decree appealed from is affirmed. Costs to defendant.

BUTZEL, C.J., and CARR, BUSHNELL, SHARPE, BOYLES, DETHMERS, and KELLY, JJ., concurred.