## FRED JOY vs. ELLEN C. METCALF.

Middlesex. May 18, 1894. — June 20, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Contract — Maintenance and Champerty — Compensation of Purchaser of Property — Evidence.*

A contract which contemplates merely a purchase of property, and provides that the services of the purchaser, who is an attorney at law, shall be paid for by giving him a share of the profits to be made by the purchase, is not champertous; and a question to the plaintiff whether he had released his interest in the property to the defendant was rightly excluded, if the plaintiff disclaimed all interest in it, and all the evidence showed that he had no interest, and that there was no question upon that point before the court.

KNOWLTON, J. This was an action to recover for services rendered by the plaintiff to the defendant. The only question is whether the contract on which the plaintiff seeks to recover is void, as being against public policy and champertous.

The defendant was guardian of her mother, who was an insane person, and after her mother's decease she had in her hands $43,654.78 in quick assets which belonged to her mother's estate. She and her sister, who were the only heirs at law of her mother, were not on good terms, and had not seen each other or had any dealings with each other for a long time. There was a controversy as to the person to be appointed administrator of her mother's estate, and with a view to put an end to the controversy she applied to the plaintiff, who was an attorney at law, to visit her sister, who lived in New Jersey, and try to buy her share of the estate; and she agreed to give him for his services one half of what he could save by the purchase. He made the purchase, and thereby saved $2,500. The evidence indicates that this purchase was made fairly, and after a full disclosure of the amount in the hands of the defendant as guardian. It is to be presumed that the sister was willing to make the sale on these terms for the sake of avoiding controversy, and the expense and delay of litigation, and for the sake of obtaining her share in money immediately, instead of waiting

two years after the appointment of an administrator for distribution of the balance which would then be due.

We see nothing champertous in the contract between the plaintiff and the defendant. It was not entered into for the purpose of promoting litigation, and it was free from the objections on which the law against champerty is founded. It contemplated merely a purchase of property, and provided that the services of the purchaser should be paid for by giving him a share of the profits to be made by the purchase. It was in its nature a commercial transaction, as distinguished from an attempt at litigation, and in such transactions payment for services by a commission or by a share of the profits is unobjectionable.

Maintenance is defined by Blackstone as " an officious intermeddling in a suit that no way belongs to one, by maintaining or assisting either party with money, or otherwise, to prosecute or defend it," and champerty is said to be a species of maintenance. 4 Bl. Com. 134, 135. It is of the essence of the offence that there should be a suit or an antagonistic proceeding between parties in which assistance is to be rendered in the litigation. Here the service called for by the contract was of a different kind. It looked solely to a compromise and termination of the controversy. All the reasons relied on in *Manning* v. *Sprague,* 148 Mass. 18, for holding that the contract was not champertous, exist in this case, and there are others which make the case much stronger for the plaintiff than that case was.

The question whether the plaintiff had released his interest in the estate to the defendant was rightly excluded, because he disclaimed any interest in it, and all the evidence in the case showed that he had no interest, and that there was no question upon that point before the court. The rulings at the trial were correct.

*Exceptions overruled.*

*J. Bennett & C. Abbott,* for the defendant.
*T. E. Grover,* for the plaintiff.