## LOUIS KAPLAN *vs.* MAX SUHER.

Hampden. September 17, 1925. — January 4, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Contract,* Consideration, Validity, Under seal, To disclose information, *Fraud.*

If a contract is under seal, consideration is conclusively presumed.

Misrepresentations as to matters which are merely collateral and do not constitute essential elements of a contract into which a party is induced to enter do not affect its validity or enforceability.

The stepbrother of a testator, who was not a beneficiary under the will, knew that before and up to the time of the death of the testator he had a certificate of deposit in a certain bank, but he did not know the amount due thereon until after the allowance of the will and distribution of the estate, after which time he informed the executor that there was money belonging to the estate not accounted for, without revealing to him its whereabouts, and was told by him to see one who was sole beneficiary under the will. An interview with the sole beneficiary followed, and the stepbrother told him that he knew where there was some money of the estate to which he felt entitled, and asked the beneficiary what he wanted to do about it. A contract under seal between them then was executed, reciting that the stepbrother had "discovered" that the testator "left a certain sum of money which was not discovered by the executor and which was not figured in the assets of the said estate," and that, in consideration of revealing to the beneficiary the place where this money was, the beneficiary would pay to him "one-half of said sum of money." Thereafter disclosure was made, and the beneficiary received the money, but refused to make payment according to the contract, and an action was brought upon the contract. *Held,* that

(1) No fraud was apparent on the face of the contract;

(2) A finding of misrepresentation was not imperatively required on the evidence;

(3) The plaintiff was under no legal duty to disclose his knowledge to the defendant, and the principle of law that performance of a legal duty cannot support a promise to pay was inapposite;

(4) The contract was not a fraud on the testator;

(5) The doctrine of executor *de son tort* had no pertinency to the facts;

(6) The plaintiff not having obligated himself to give any testimony, his contract was not corrupt and illegal as tending to interfere with justice;

(7) The plaintiff not undertaking to promote litigation for the recovery of money, the contract was not voidable because of maintenance;

(8) There was nothing contrary to public policy in the contract.

The circumstances that a private contract may be improvident or hard, or prompted by motives on one side or the other perhaps not commendable in the forum of conscience, do not alone constitute ground for refusal to enforce an agreement, intelligently and freely made by competent parties standing on an equal footing, and by them put under seal. Per RUGG, C.J.

CONTRACT for $1,350 alleged to be due under the provisions of the contract under seal described in the opinion. Writ dated October 16, 1920.

In the Superior Court, the action was tried before *McLaughlin*, J. Material evidence is described in the opinion. At the close of the evidence, by order of the judge, a verdict was entered for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*N. M. Harvey & J. H. Mulcare*, for the plaintiff.

*W. G. McKechnie & J. F. Egan*, for the defendant.

RUGG, C.J. This is an action of contract on a sealed instrument. A verdict was directed in favor of the defendant. Therefore the case must be considered on that aspect of the evidence most favorable to the plaintiff. If the case had been submitted to the jury, they might have believed only the evidence helpful to the plaintiff and disregarded all adverse testimony by which the plaintiff was not bound as matter of law.

Acting on that principle of law, the jury might have found these facts from the testimony and inferences fairly deducible therefrom. The plaintiff was a stepbrother of a testatrix, under whose will duly proved and allowed the defendant was the sole beneficiary and of which another was executor. He knew that, before and up to the time of the death of the testatrix, she had a certificate of deposit in the Ware National Bank, but he did not know the amount due thereon until after the allowance of the will and distribution of the estate. Thereafter he informed the executor that there was money belonging to the estate not accounted for, without revealing to him its whereabouts, and was told by him to see the defendant, and the plaintiff told the defendant that he knew where there was some money of the estate to which

he felt 'entitled, and asked the defendant what he wanted to do about it. Thereupon, at the office of an attorney, an agreement under seal was signed by the plaintiff and defendant. It recited in substance that the defendant was the sole legatee under the will and that the plaintiff had "discovered" that the testatrix "left a certain sum of money which was not discovered by the executor and which was not figured in the assets of the said estate," and that, in consideration of revealing to the defendant the place where this money was, "said Suher is to pay to the said Kaplan one-half of such sum of money." Thereupon the plaintiff told the defendant that there was money on deposit in the Ware National Bank standing in the name of the testatrix. Money has been collected of the bank and paid to the defendant, who has refused to pay a moiety to the plaintiff. This action is founded on the agreement.

Since the agreement was a sealed instrument, a consideration is conclusively presumed. *Hayes* v. *Kyle*, 8 Allen, 300. *Graham* v. *Middleby*, 185 Mass. 349, 355. *Chertok* v. *Morang*, 228 Mass. 598, 601.

No fraud is apparent on the face of the agreement. The recital is that the plaintiff "has discovered" assets of the estate, whereas it appears in evidence that he knew of the deposit in the bank for a considerable period before the death of the testatrix. The amount of it seemingly was not known to the plaintiff until at most a few months before the agreement was executed. Whether it was a recent discovery or known to him for a long time was in this connection immaterial. That factor was of no consequence to the defendant, whose only purpose, so far as shown by the record, was to ascertain the place of the assets of the estate not theretofore administered. There is no testimony indicating any possible relevancy to the agreement of the statement as to discovery as distinguished from long existing knowledge. No such relevancy can be inferred from all the facts. That statement was unimportant and unessential to the main agreement. Misrepresentations as to matters which are merely collateral and do not constitute essential elements of the contract into which a party is induced to enter, do not

affect its validity or enforceability. *Hedden* v. *Griffin,* 136 Mass. 229, 231. *Dawe* v. *Morris,* 149 Mass. 188, 191.

A finding of misrepresentation was not imperatively required on the evidence. The plaintiff's testimony was that he told the executor, before making the contract with the defendant, "that there was some money left by his stepsister not accounted for in the estate . . . but did not tell him that it was in the Ware National Bank and did not tell him that it was on a certificate of deposit," and that the executor told him to see the defendant, and that thereafter the agreement was drawn up, the defendant doing all the talking with the attorney who drafted it, and that it contained just what the plaintiff and defendant had agreed upon. The testimony of the executor was to the effect that the plaintiff at this interview told him that the money was in the Ware bank. But that merely raised a question of fact whether the plaintiff's testimony touching that interview was true. It did not establish fraud as a fact. It is not necessary to consider whether the contract could be avoided because of fraudulent concealment if the plaintiff had first freely told the executor of the deposit in the Ware National Bank and had later, without revealing that fact to the defendant, led him to believe that the only way of getting the money for the estate was to make the contract with the plaintiff. See in that connection *Masline* v. *New York, New Haven & Hartford Railroad,* 95 Conn. 702, and *Soule* v. *Bon Ami Co.* 201 App. Div. (N. Y.) 794, affirmed in 235 N. Y. 609.

The title to the deposit in the bank in the name of the testatrix vested in the executor on his appointment. The right to recover it was in the executor and not in the defendant. Whatever obligation of disclosure, if any, rested on the plaintiff, was to the executor and not to the defendant. Without deciding whether there was such obligation, it was not in any event of such nature as to invalidate an otherwise legal contract touching the subject between the plaintiff and the defendant.

The case at bar is not an instance where the plaintiff was under a legal duty established by the law to disclose his knowl-

edge to the defendant. He might have kept silence without violation of any legal obligation owed to the defendant. No action at law could have been maintained by the defendant against him for simple refusal to reveal his information. Therefore, the principle that performance of a legal duty cannot support a promise to pay is inapposite and cases like *Pool* v. *Boston*, 5 Cush. 219, 221, are not pertinent.

There was no statutory obligation on the plaintiff to make disclosure of his knowledge to the defendant. It is only persons suspected of having "fraudulently received, concealed, embezzled or conveyed away any" property of a decedent who are amenable to G. L. c. 215, § 44.

The contract here in suit was not a fraud on the testatrix. It has none of the elements of *post obit* or other like improvident agreements. The right of the defendant in the estate of the testatrix was a vested right and not one in expectancy, and the principles declared in *Boynton* v. *Hubbard*, 7 Mass. 112, are irrelevant.

The doctrine of executor *de son tort*, which is well established and recognized by statute, *Clabburn* v. *Phillips*, 245 Mass. 47, has no pertinency to these facts. The plaintiff had no possession of the part of the estate of the testatrix here in question. He could exercise no control over it. He did not act toward it as executor. He merely knew of its existence and whereabouts.

The plaintiff did not obligate himself to give any testimony. Therefore his contract was not corrupt and illegal as tending to interfere with justice. Authorities like *Keown & McEvoy, Inc.* v. *Verlin*, 253 Mass. 374, and cases there collected, are not applicable. He did not undertake to promote litigation for the recovery of the money. Hence the contract was not avoidable because of maintenance. *Joy* v. *Metcalf*, 161 Mass. 514.

Where there has been compliance with the terms of a public offer of reward for information of a specified character, it commonly has been held that the reward can be recovered when the information is given in compliance with the offer although nothing is done except to divulge the desired information. *Jenkins* v. *Kelren*, 12 Gray, 330. *Besse* v.

*Dyer,* 9 Allen, 151.  1 Williston on Contracts, § 33.  *Furman*
v. *Parke,* 1 Zabr. 310.  The principle of these decisions
goes far toward settling the present controversy.  If the
defendant would have been liable on a mere offer of reward
for information when accepted in accordance with its terms,
no reason is perceived why he should not be held similarly
liable on his sealed contract to pay for such information.

There is nothing contrary to public policy in the agree-
ment.  The plaintiff was under no legal obligation to dis-
close his knowledge as to the existence of the deposit in the
bank to the defendant as sole legatee.  He had not caused
the property to be secreted.  He had performed no act con-
cerning it.  No trust touching it had been reposed in him.
Seemingly the defendant could not have compelled him by
bill of discovery to disclose its existence or location.  *Amer-
ican Security & Trust Co.* v. *Brooks,* 225 Mass. 500.  What-
ever observations might be made concerning the friendliness
or good will of the conduct of the plaintiff, they do not affect
the legal rights and obligations of competent parties freely
entering into a contract under seal.  It is to be remembered,
as was said in *Baltimore & Ohio Southwestern Railway* v.
*Voigt,* 176 U. S. 498, 505, "that the right of private contract
is no small part of the liberty of the citizen, and that the
usual and most important function of courts of justice is
rather to maintain and enforce contracts, than to enable
parties thereto to escape from their obligation on the pretext
of public policy, unless it clearly appear that they contravene
public right or the public welfare."  The circumstances that
a private contract may be improvident or hard, or prompted
by motives on one side or the other perhaps not commend-
able in the forum of conscience, do not alone constitute
ground for refusal to enforce an agreement intelligently and
freely made by competent parties standing on an equal
footing and by them put under seal.

*Exceptions sustained.*