*Municipal Court of the City of Boston*

No. 412, 641

**SEABOARD FINANCE CO.**

v.

**JAMES M. MOAR, AND ANOTHER**

(April 20 — May 31, 1956)

*Tomasello, J.* In an action of contract to recover a balance due on a non-negotiable promissory note, the defendants' defense alleging that they received no consideration for said note is the main issue involved. The case was tried before (*Adlow, C. J.*)

The evidence discloses that the defendants after visiting the sales rooms of Autoland, Inc., proceeded with one of its representatives to the office of the plaintiff Finance Company where the defendants signed a note containing the word "(seal)" after each signature in the amount of $421 as the principal amount and payable in twenty-one monthly payments of $26.00 each, or a total amount of $546. Upon the signing of the note the defendants received from the plaintiff a check in the amount of $413.63 which check had typewritten on the back thereof, "Pay only to the order of Autoland, Inc." The check was handed to the defendant, James M. Moar, and on leaving the premises of the plaintiff the said Moar was requested by the representative of Autoland to endorse it and give it to him. At the time the defendant endorsed the check and handed it to the representative of Autoland, Inc., he had made no purchase or concluded any business arrangement with Autoland, Inc. It was conceded by the parties that the note in issue was not negotiable. Neither of the defendants ever cashed the check or had any other dealings with it.

The only endorsement on the check was that of the defendant, James M. Moar. The check was marked "Paid" through the Somerville National Bank. No payments were ever made by the defendants on account of said note.

The trial judge ruled that the defendants did not receive a valid consideration for the note in issue, and found for the defendants. The plaintiff claims to be aggrieved by this action of the trial judge.

This ruling was error. No principle of law is more clearly established than that apart from statutory changes, a sealed promise, whether absolute or in the form of an offer, is binding without consideration.

Williston on Contracts, §§218 and 219, Rev. Ed. We have no statute in effect in Massachusetts that makes this principle otherwise. The note was a "sealed instrument." *Stern v. Lieberman,* 307 Mass. 77, 79; *Mindell v. Goldman,* 309 Mass. 472; G. L. (Ter. Ed.) c. 4, §9A.

Since the note was a sealed instrument a consideration is conclusively presumed. *Krell v. Codman,* 154 Mass. 454, 456; *Kaplan v. Suher,* 254 Mass. 180; *Newburyport Soc. v. Noyes,* 287 Mass. 530, 533; *O'Gasapian, Admx. v. Danielson,* 284 Mass. 27, 32, 33.

The circumstances that the promise to pay on the note may be improvident or hard or prompted by motives on one side or the other perhaps not commendable in the forum of conscience, do not alone constitute ground for refusal to enforce an agreement, intelligently and freely made by competent parties standing on an equal footing, and by them put under seal, and any misrepresentations as to the matters which are merely collateral and do not constitute the essential elements of the contract into which a party is induced to enter do not affect its validity or enforceability, under the issue raised by the parties in the instant case. *Kaplan v. Suher, supra,* 182. *Crimmins & Pierce v. Kidder Peabody Acceptance Corp.,* 282 Mass. 367, 379.

*Judgment Reversed; Judgment to be entered for the plaintiff on the declaration.*