APTER v. JOFFO

1. CONTRACTS — WITNESSES — CONTINGENT COMPENSATION — PUBLIC POLICY.

An agreement to pay a witness amenable to process compensation contingent on the results of a case is, as a general rule, contrary to public policy.

2. CONTRACTS—FURNISHING INFORMATION—CONTINGENT COMPENSATION—VALIDITY—PUBLIC POLICY.

An agreement by one person to furnish information in his possession to another person for a share in that person's recovery in a lawsuit is not invalid as being against public policy.

3. CONTRACTS—AFFIDAVITS—CONTINGENT COMPENSATION—VALIDITY—PUBLIC POLICY.

The making of an affidavit for a contingent compensation is not invalid as being against public policy where the affiant

REFERENCES FOR POINTS IN HEADNOTES

[1-4]  17 Am Jur 2d, Contracts §§ 196, 197.
       58 Am Jur, Witnesses § 882.
       Validity of contract to testify.  16 ALR 457, supp. 41 ALR 1322, 45 ALR 1423.
[5, 8]  41 Am Jur, Pleading § 344 et seq.
[6, 7]  25 Am Jur 2d, Duress and Undue Influence § 3 et seq.

cannot be compelled to make the affidavit and the making of the affidavit is a voluntary act.

4. CONTRACTS—FURNISHING INFORMATION—MAKING AFFIDAVITS—CONTINGENT COMPENSATION—VALIDITY.

A contract by which the plaintiff, a resident of France, agreed to provide the defendant documents in her possession and execute affidavits to be used in defendant's case for an award before the United States Foreign Claims Settlement Commission, in exchange for 40% of the award was not against public policy and was valid.

5. MOTIONS—AFFIRMATIVE DEFENSES—FAILURE TO STATE A VALID DEFENSE—SUMMARY JUDGMENT—MOTION TO STRIKE.

The correct motion to attack a pleaded affirmative defense of duress which does not state a *prima facie* case of duress, even if proved, is not a motion to strike but a motion for summary judgment on the ground that the opposing party has failed to state a valid defense.

6. CONTRACTS—AFFIRMATIVE DEFENSES—DURESS—ELEMENTS.

Duress exists when one, by the unlawful act of another, is induced to make a contract or perform some other act under circumstances which deprive him of the exercise of free will; however, duress will not prevail to invalidate a contract entered into with full knowledge of all the facts, with ample time and opportunity for investigation, consideration, consultation, and reflection.

7. CONTRACTS—AFFIRMATIVE DEFENSES—DURESS.

The affirmative defense of duress did not exist in plaintiff's action to enforce a contract where the agreement in question was prepared by the defendants' attorney and signed with full knowledge of all the facts.

8. MOTIONS—AFFIRMATIVE DEFENSE—FAILURE TO STATE A VALID DEFENSE—SUMMARY JUDGMENT—MOTION TO STRIKE.

Granting plaintiff's motion to strike the defendants' affirmative defense of duress on the ground that the facts as pleaded, even if true, did not state a valid defense of duress was proper, even though the motion was improperly labeled in that the correct motion is a motion for summary judgment, where the motion did not prejudice the defendants and where the defendants did not move to amend their answer or take any steps to correct the defect.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 March 2, 1971, at Lansing. (Docket No. 7185.)   Decided April 20, 1971.   Leave to appeal denied, 385 Mich 772.

Complaint by Irene Apter against Norma Joffo, personally and as the administratrix of the estate of David Paul Joffo, and the estate of David Paul Joffo to enforce a contract.   Judgment for plaintiff. Defendants appeal.   Affirmed.

*Gault, Davison & Bowers,* for plaintiff.

*Thomas L. Gadola,* for defendants.

Before: R. B. BURNS, P. J., and J. H. GILLIS and T. M. BURNS, JJ.

R. B. BURNS, P. J.   The defendants appeal from a jury verdict awarding plaintiff $20,428.40 plus 40% of any and all sums which defendants might in the future receive from the United States Foreign Claims Settlement Commission.[1]

Plaintiff brought this suit to enforce a written agreement between her and defendant Norma Joffo. By the terms of the contract plaintiff agreed to give Norma Joffo certain documents and letters in plaintiff's possession and to execute affidavits setting forth her knowledge of David Paul Joffo's investment in a plywood factory in Riga, Latvia.   In return, Norma Joffo agreed to prosecute her deceased husband's claim before the settlement commission and, in the event of an award, it was agreed that Norma Joffo would pay plaintiff 40% of the sum awarded.

---

[1] The Foreign Claims Settlement Commission was created to decide what, if any, compensation American citizens would receive for the loss of real property resulting from military operations in parts of Europe during World War II.

Before his death, David Joffo had pursued a claim with the settlement commission for the loss of his interest in a plywood factory which was allegedly destroyed in Riga, Latvia. Plaintiff's father,[2] now deceased, who had managed David Joffo's business affairs in Europe, began liquidating Joffo's European assets prior to World War II. The plywood factory could not be liquidated before its confiscation and dismantlement by the German army.

After the war, and during David Joffo's attempts to recover from the settlement commission for the loss of the factory, Joffo left certain items of correspondence with plaintiff for the purpose of refreshing her memory about certain details of the plywood factory.[3]

After her husband's death, Norma Joffo decided to continue prosecuting the claim before the settlement commission. In order to recover on the claim defendant had to prove the factory's existence, David Joffo's interest therein, and finally the factory's destruction by the German army.

It soon became evident to Mrs. Joffo that she would need plaintiff's cooperation in order to recover from the commission. Plaintiff, in addition to her personal knowledge of details concerning the plywood factory, had in her possession certain documents and letters of correspondence given to her by David Joffo, all of which tended to prove the existence of the plywood factory and David Joffo's interest.

---

[2] Plaintiff's father was David Joffo's cousin.

[3] Plaintiff and David Joffo were very close and it is undisputed that he intended to provide for plaintiff after his death by giving her a considerable portion of any settlement he might receive from the settlement commission.

The plaintiff refused Norma Joffo's request for the letters and other documents, but, after negotiations with Mrs. Joffo's attorney, plaintiff entered into the contract she now seeks to enforce. It is undisputed that the $77,000 award from the settlement commission was largely a result of plaintiff's performance of her part of the contract.

At trial the judge refused to grant defendants' motion for a summary judgment. Defendants claim that the motion should have been granted since the contract was against public policy and therefore unenforceable.

An agreement to pay a witness amenable to process compensation contingent on the results of a case, is, as a general rule, contrary to public policy. However, it has been held that an agreement to furnish information in the possession of one of the parties, for a share in the recovery, is not invalid. *Kaplan* v. *Suher* (1926), 254 Mass 180 (150 NE 9). It has also been held that the making of an affidavit for a contingent compensation, which is a voluntary act and one which an affiant cannot be compelled to do, is not invalid as being against public policy. *Thatcher* v. *Darr* (1921), 27 Wyo 452 (199 P 938).

In the present case the plaintiff was a resident of the country of France. The agreement provided that she should turn over to the defendant documents in her possession and execute affidavits to be used before the commission, for a share of the award. The contract was not against public policy and was valid.

Defendants claim the trial court erred by granting the plaintiff's motion to strike the defendants' affirmative defense of duress. GCR 1963, 111.7 reads in part:

"Affirmative Defenses. A party shall in separate defenses set forth the facts constituting any affirmative defense, such. as, * * * duress, * * * ."

Plaintiff moved to strike the affirmative defense on the ground that the allegations stated, even if proved, did not state a *prima facie* case of duress. The correct motion would have been a motion for summary judgment under GCR 1963, 117.2(2) on the ground that the opposing party had failed to state a valid defense.

The trial judge granted the motion to strike the affirmative defense on the ground that the facts as pleaded, even if true, did not state a valid defense.

In *Knight* v. *Brown* (1904), 137 Mich 396, 398, the Court, quoting *Hackley* v. *Headley* (1881), 45 Mich 569, stated:

" 'Duress exists when one, by the unlawful act of another, is induced to make a contract or perform some act under circumstances which deprive him of the exercise of free will.' "

In *Payne* v. *Cavanaugh* (1940), 292 Mich 305, 308, the Court stated:

"Duress will not prevail to invalidate a contract entered into with full knowledge of all the facts, with ample time and opportunity for investigation, consideration, consultation, and reflection."

The agreement in question was prepared by the defendants' attorney and signed with full knowledge of all the facts. The motion, though improperly labeled, was properly granted and did not prejudice the defendants. In addition, defendants did not move to amend their answer or take any steps to correct the defect.

Lastly, the defendants claim that the trial court erred by refusing to give two requested instruc-

tions.   Both requested instructions dealt with the question of consideration and were questions of law for the court to decide.

Affirmed.   Costs to plaintiff.

All concurred.