The TELEX CORPORATION, a Delaware Corporation, and Telex Computer Products, Inc., an Oklahoma Corporation, Appellants,

v.

R. F. HAMILTON, III, Trustee for S. M. Schack d/b/a Jack Q. Green, Appellee.

No. 50303.

Supreme Court of Oklahoma.

March 14, 1978.

Serge Novovich, Tulsa, for appellants.

Sneed, Lang, Trotter, Adams, Hamilton & Downie by R. Hayden Downie, Brian S. Gaskill, Tulsa, for appellee.

BARNES, Justice:

R. F. Hamilton III, Trustee for S. M. Schack, d/b/a Jack Q. Green, Appellee, brought this action against Telex Computer Products, Inc., and The Telex Corporation, Appellants, for enforcement of an agreement providing for the supplying of information identifying a certain lost or misplaced, and for that reason uncollectible, account receivable owed to Appellants. The Trial Court entered judgment for Appellee under the terms of the agreement.

Appellants appeal, asserting that neither Appellee nor the real party in interest, S. M. Schack, has a legal capacity to sue and that the Trial Court erred in failing to hold that the agreement was void or voidable or otherwise against public policy and unenforceable.

The pertinent facts are that Schack learned that a company, Arcata Real Estate Data, Inc. (Arcata), owed another company a substantial amount of money for computer services, but that the unidentified company had not billed Arcata for those services. Schack then set out to discover the name of that creditor company. Through conversation or telephone calls with employees of Arcata, he was able to discover that Appellants had supplied various computer machinery to Arcata. He then assumed that the "mystery creditor" was Appellants and called Appellants, identified himself by the fictitious name "Jack Q. Green", and commenced negotiations to work out an agreement whereby he would furnish Appellants with the name of their "lost debtor" for a percentage of the amount so recovered. When Appellants expressed interest in such an agreement, Schack went to Tulsa and entered into an agreement with Appellee for Appellee to represent him in the negotiations with Appellants.

The herein questioned agreement resulted from those negotiations. The agreement provided that Appellants would pay Appellee 25% of any amount so collected up to a maximum of $25,000. It is admitted that, as a result of the information furnished by virtue of this agreement, Appellants were able to collect a "lost" account in the amount of $95,414.84 from Arcata.

Appellants refused to honor said agreement on the grounds that it was contrary to public policy, so Appellee filed the action with which we are here concerned. The Trial Judge found for the Appellee and rendered judgment against Appellants for $23,853.56, but denied Appellee's request for attorney fees.

Appellants' major contention is that the information furnished them by Schack was information which Schack had misappropriated from the true owner thereof, Arcata. Arcata had no proprietary interest in that information, and that allegation is without merit. Appellants apparently want to condemn Schack for obtaining the name of a company which owed Appellants money and which hid that fact from Appellants. On the contrary, by the exercise of ingenuity and enterprise, Schack made it possible for Appellants to collect a "lost account" from Arcata that they could not have found or collected otherwise. How the officers of Arcata felt about Appellee's action is not material to the determination of this case. The facts that Schack was not Jack Q. Green and was not from Chicago were totally immaterial, and there are no facts in the record which would clothe these statements with any materiality. Appellants got exactly what they wanted and exactly what they contracted for.

■ We fail to see the relevance of Appellants' contentions relating to Schack's using a fictitious name in dealing with Appellants. Admittedly, Schack did not want the people in Arcata to know who blew the whistle on them, but that is hardly a reason for saying that Schack's agreement with Appellants was affected thereby. The fact that Schack was a resident of Dade County, Florida, when he commenced his negotiations with Appellants would not make Florida law applicable to this transaction. The contract itself was entered into in Oklahoma, was performed in Oklahoma, and provided that Oklahoma law would apply to the contract.

■ Even in the absence of an agreement stating what law would apply, the general rule of law is that the law where the contract is made or entered into governs with respect to its nature, validity, and interpretation. See *Clark v. First National Bank of Marseilles, Illinois,* 59 Okl. 2, 157 P. 96 (1916). We hold that Oklahoma law governs in this case.

■ We do not have a law in Oklahoma that requires registration of fictitious individual names, and, therefore, the question of what effect the use of a fictitious name has on the contract is of no consequence.

■ As to Appellants' contention that Appellee's actions were contrary to public policy, we find the following language from the case of *Kaplan v. Suher,* 254 Mass. 180, 150 N.E. 9 (1926), persuasive:

"There is nothing contrary to public policy in the agreement. The plaintiff

was under no legal obligation to disclose his knowledge as to the existence of the deposit in the bank to the defendant as sole legatee. He had not caused the property to be secreted. He had performed no act concerning it. No trust touching it had been reposed in him. Seemingly the defendant could not have compelled him by bill of discovery to disclose its existence or location. * * * It is to be remembered, as was said in *Baltimore & Ohio Southwestern Railway v. Voight*, 176 U.S. 498, 505, 20 S.Ct. 385, 387, 44 L.Ed. 560:

> " 'That the right of private contract is no small part of the liberty of the citizen, and that the usual and most important function of courts of justice is rather to maintain and enforce contracts, than to enable parties thereto to escape from their obligation on the pretext of public policy, unless it clearly appear that they contravene public right or the public welfare.' "

We affirm the judgment of the Trial Court insofar as it awards judgment to Appellee on the contract.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, IRWIN, BERRY, SIMMS and DOOLIN, JJ., concur.