HENRY R. STRAND, JR. *vs.* CHARLOTTE N. HUBBARD & others[1] (and a companion case[2]). No. 90-P-391. August 14, 1991. *Practice, Civil*, Costs, Attorney's fees. *Attorney at Law*, Compensation.

There have already been two appeals in this case: the first, reported at 24 Mass. App. Ct. 372 (1987),[3] decided that Charlotte N. Hubbard, who had attacked her brother's will, was bound by a settlement she had agreed to on the evening of December 4, 1984, but thereafter repudiated; the second appeal, reported at 27 Mass. App. Ct. 684 (1989),[4] decided that, although Hubbard's repudiation of the settlement had been determined to be wrong and ineffective as matter of law, her position in the litigation which thrashed out that question was not wholly insubstantial and frivolous. Consequently, an order of the Probate Court judge awarding $154,450.51 in legal fees to the other litigants under G. L. c. 231, § 6F,[5] was reversed, although the triumphant parties were invited to reapply for counsel fees under G. L. c. 215, § 45.

This third appeal is a sequel to the second. The probate judge reconsidered the application of the prevailing parties for counsel fees under G. L. c. 215, § 45. Hubbard, the judge found, had provoked a needless round of litigation by torpedoing the settlement to which she had previously agreed, and, as matter of equity, should bear from her share of the estate the cost of her attempt to abrogate the settlement. Were that cost not shifted to

---

[1]The First National Bank of Boston and William F. Kehoe, special co-administrators, and Crotched Mountain Foundation. This is an equity action brought by Henry Strand to confirm his ownership of certain bank acccounts and other contents of a safe deposit box which had been held jointly with Charlotte N. Hubbard's deceased brother.

[2]Charlotte N. Hubbard *vs.* C.A. Peairs. In this action Hubbard was contesting the will of her deceased brother.

[3]Under the case title, *Hubbard* v. *Peairs*.

[4]Under the case title, *Strand* v. *Hubbard*.

[5]That statute, as inserted by St. 1976, c. 233, § 1, authorizes the assessment of reasonable legal fees against a losing party which has fomented litigation that is "wholly insubstantial, frivolous and not advanced in good faith."

Hubbard, the judge observed, the decedent's estate plan would be distorted. Having, after an evidentiary hearing, found the legal fees incurred by the prevailing parties to be reasonable (the judge had considered time spent, the reasonableness of the hourly charges, the size of the estate, the difficulty of the issues presented, and the results achieved), the judge thought them to be no less reasonable upon reexamination. He, thus, assessed for the Probate Court aspect of the litigation, the same legal fees, $91,605.11, he had assessed under G. L. c. 231, § 6F. He trimmed away, as we had suggested in our 1989 decision, fees on account of the appeal. Hubbard appeals again from the order requiring her to foot a substantial legal bill of her adversaries. We affirm.

In the generality of cases, appellate courts are deferential to the setting of counsel fees under G. L. c. 215, § 45. The statute expressly confers "discretion" to act as "justice and equity may require." An award under § 45 is, therefore, presumed to be right unless the record reflects that it may not be. *Old Colony Trust Co.* v. *Third Universalist Soc.*, 285 Mass. 146, 150-151 (1934). *Smith* v. *Smith*, 361 Mass. 733, 738 (1972). *National Academy of Sciences* v. *Cambridge Trust Co.*, 370 Mass. 303, 311-312 (1976). Compare *Wasserman* v. *Locatelli*, 343 Mass. 82, 86 (1961) (fee reduced on "careful examination of all the evidence"); *Holyoke Natl. Bank* v. *Wilson*, 350 Mass. 223, 230 (1966) (counsel fees reduced to what lawyers had requested). To be sure, conservative principles should apply to the determination of what is a reasonable fee when the pocket from which the fee is drawn belongs to someone other than the person who hired the lawyer. See *Lewis* v. *National Shawmut Bank*, 303 Mass. 187, 191 (1939); *Robbins* v. *Robbins*, 19 Mass. App. Ct. 538, 544 (1985) ("When fee awards appear excessive and the public hears . . . the soft thud of mutual backpatting, respect for the administration of justice must suffer."); *Grimes* v. *Perkins Sch. for the Blind*, 22 Mass. App. Ct. 439, 440-441 (1986). Nevertheless, it is altogether appropriate that the person who, in doubtful circumstances, unleashes the dogs of war should bear the heavier burden of legal costs. *Hurley* v. *Noone*, 347 Mass. 182, 190 (1964).

The probate judge in the instant case displayed on the record that he instructed himself correctly on the applicable principles for an award under § 45 and heard evidence on what were the reasonable fees. His disposition of the fees issue was not blemished with caprice. There was not an abuse of discretion. Parenthetically, Hubbard's burden of legal fees in the matter was much reduced by the pruning away of the costs attendant on the appeal.

*Order affirmed.*

*Charles F. Dodson* for Charlotte N. Hubbard.

*Richard A. Howard* (*James A. G. Hamilton* with him) for Crotched Mountain Foundation.

*William F. Kehoe* (*Jacob M. Atwood* with him) for the plaintiff.