JOSEPH H. ROY, JR., executor, *vs*. EUGENE L. RUBIN.

No. 92-P-1041.

Worcester. October 14, 1993. - December 21, 1993.

Present: KASS, PORADA. & IRELAND. JJ.

*Practice, Civil*, Costs, Attorney's fees. *Attorney at Law*, Compensation. *Probate Court*, Judicial discretion.

In the circumstances of an action brought in the Probate Court by an executor pursuant to G. L. c. 215, § 44, for discovery of an asset of an estate, the judge properly awarded attorney's fees under G. L. c. 215, § 45, to the executor, where the judge concluded that the conduct of the defendant, an attorney, prompted unnecessary litigation inasmuch as he had a duty as an officer of the court to disclose to the executor the existence of the asset. [635-636]

PETITION for discovery filed in the Worcester Division of the Probate and Family Court Department on October 15, 1991.

A motion for attorney's fees and costs was heard by *Arline S. Rotman*, J.

*David A. Talman*, for Eugene L. Rubin, submitted a brief.

PORADA, J. The sole issue presented in this appeal is whether the judge of the Probate Court abused her discretion in ordering the defendant to pay counsel fees under G. L. c. 215, § 45, in a proceeding brought by an executor for discovery of an asset of the estate pursuant to G. L. c. 215, § 44.[1]

---

[1]General Laws c. 215, § 44, as appearing in St. 1943, c. 91, provides in pertinent part as follows: "Upon complaint to a probate court by a person interested in the estate of a deceased person against a person suspected of having fraudulently received, concealed, embezzled or conveyed away any property, real or personal, of the deceased, the court may cite such suspected person, although he is executor or administrator, to appear and be examined on oath upon the matter of the complaint. If the person so cited refuses to appear and submit to examination, or to answer such interrogatories as may be lawfully propounded to him, the court may commit him

We affirm the order.[2]

We summarize the unusual facts that serve as a back-drop for the issue presented. The plaintiff, a Massachusetts attorney, was appointed the temporary executor of the estate of Frances S. Jackson. After he filed the inventory in that estate in the Probate Court, he heard from the defendant, a Massachusetts attorney. The defendant informed him that he had knowledge of an asset of the estate which did not appear in the inventory filed by the plaintiff. He told the plaintiff that he would be willing to disclose the identity of the asset in exchange for payment of fifty percent of its value. The plaintiff consulted the Board of Bar Overseers to determine whether he could enter into such a contract and was advised that it would be unethical for him to do so. The plaintiff advised the defendant of the opinion received from the Board of Bar Overseers. The plaintiff then commenced this proceeding under G. L. c. 215, § 44, for discovery of the asset. The defendant filed a motion to dismiss the action or, in the alternative, for summary judgment, accompanied by an affidavit in which he averred that he had not fraudulently received, concealed, embezzled or conveyed any asset of the estate or at any time, to the best of his knowledge, represented the decedent or any of her heirs or beneficiaries. The Probate Court judge denied the motion for summary judgment. The defendant filed a petition for review of that decision before a single justice of the Appeals Court, who denied the petition as premature.

The plaintiff and the defendant then appeared pro se at a hearing before the Probate Court on the plaintiff's petition

---

to jail until he submits to the order of the court. The examination shall be had and recorded in such manner as the court shall direct, and the final record shall be signed by the party examined. . . ."

[2]We note that a final judgment has not issued in this case. Because the order to pay attorney's fees may be enforced by the issuance of an execution, see G. L. c. 215, § 45, we consider it final and, thus, reach the merits of this appeal. See *Borman* v. *Borman*, 378 Mass. 775, 781-782 (1979). See also *Matter of a Grand Jury Subpoena*, 411 Mass. 489, 490, 499 (1992).

for discovery. At that hearing, the defendant offered to disclose the asset in camera to the judge, and the case was continued for a week. As a result of the defendant's disclosure in camera to the judge, it was determined that the plaintiff already possessed information about the asset in question[3] independently of the defendant's disclosure. The plaintiff then filed a motion for attorney's fees and costs under G. L. c. 231, § 6F. The judge determined that the defendant's failure to disclose the asset to the plaintiff resulted in unnecessary litigation and entered an order pursuant to G. L. c. 215, § 45, awarding attorney's fees in the amount of $1,500.

We are of the opinion that the judge did not abuse her discretion in awarding attorney's fees. Under § 45, the judge has broad discretion to award "costs and expenses . . . as justice and equity may require." G. L. c. 214, § 45. *Strand v. Hubbard*, 31 Mass. App. Ct. 914, 915 (1991). We have upheld such an award where a party's conduct prompted unnecessary litigation. *Ibid.* Here, the judge determined that the defendant's conduct prompted unnecessary litigation, because he had a duty to disclose to the executor of the estate the information he possessed.

A temporary executor is appointed by the Probate Court, which is charged with the administration of all matters relative to the estates of deceased persons. G. L. c. 192, § 13. G. L. c. 215, § 3. By law, a temporary executor is required to collect and preserve the personal property of the decedent and to file an inventory in the Probate Court. G. L. c. 192, §§ 14, 15. An attorney is an officer of the court sworn to aid in the administration of justice and to act with all fidelity to his clients and to the court. *Matter of Keenan*, 313 Mass. 186, 198, 217 (1943). He is subject to the Canons of Ethics and Disciplinary Rules Regulating the Practice of Law, S.J.C. Rule 3:07, Canon 1, DR 1-102 (A)(5), as appearing in 382 Mass. 770 (1981), which provides that a lawyer shall not "[e]ngage in conduct that is prejudicial to the administration of justice." As an officer of the court, the defendant

---

[3]The asset was identified as a tract of land.

had a duty to disclose to the plaintiff as the temporary executor of the estate his knowledge of the existence of an asset belonging to the estate, independent of any determination whether a proceeding for discovery of this information was properly brought against him. His conduct in dangling information for a quid pro quo was inimical to the administration of justice.

The case of *Kaplan* v. *Suher*, 254 Mass. 180 (1926), relied upon by the defendant, is not authority to the contrary. It is distinguishable on its facts from the issue presented by this case. Here, we are faced with deciding the duty of disclosure owed to an executor, charged by law with collecting and preserving the assets of the estate, by a person who is an attorney. In *Kaplan, supra* at 181-182, the testatrix's stepbrother, who was not an attorney, was aware of a bank account owned by the testatrix but unknown to her sole beneficiary under her will. He approached the beneficiary after the assets of the estate were distributed and agreed to sell this information to him for one-half the value of the account. After the stepbrother disclosed the location of the asset, the beneficiary refused to pay him the sum promised. The Supreme Judicial Court upheld the agreement as valid. In doing so, the court stated that if any obligation of disclosure rested on the stepbrother, it was owed to the executor and not to the beneficiary, but the court declined to decide whether any such obligation was owed the executor. *Id.* at 183-185. Until now, it would appear that the issue of the duty of disclosure owed to an executor has not been raised on the appellate level in Massachusetts, and there is a dearth of authority on this issue outside our jurisdiction. In any event, we conclude that in the circumstances of this case the defendant owed a duty to disclose to the executor the existence of the asset.

Having concluded that the defendant owed a duty of disclosure to the plaintiff in this case, we see no merit in the defendant's claim that the award of attorney's fees infringed

upon his constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution.

*Order affirmed.*