OSCN Found Document:LERITZ v. FARMERS INSURANCE COMPANY, INC.

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 LERITZ v. FARMERS INSURANCE COMPANY, INC.
2016 OK 79
Case Number: 110013
Decided: 06/28/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 79, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

Wayne Robert Leritz, Appellant,
v.
Farmers Insurance Company, Inc., Appellee,
and
Larry Allen Yates, Defendant.

CERTIORARI TO THE COURT OF CIVIL APPEALS
Division III

¶0 A Kansas resident was injured when his motorcycle collided with a car in Oklahoma. He sought to stack uninsured motorist coverage based on his three Kansas policies. The trial court, Honorable Robert C. Haney, District Court, Delaware County, granted the insurer's motion for summary judgment applying Kansas law, which prohibits stacking, to resolve a perceived conflict of laws. The Court of Civil Appeals affirmed.

CERTIORARI PREVIOUSLY GRANTED;
OPINION OF COURT OF CIVIL APPEALS VACATED;
JUDGMENT OF DISTRICT COURT REVERSED;
CAUSE REMANDED.

Rex Travis, Paul D. Kouri, Oklahoma City, Oklahoma, for Appellant.
J. Anthony Miller, Tulsa, Oklahoma; A. Mark Smiling, Shena E. Burgess, SMILING LAW FIRM, Tulsa, Oklahoma, for Appellee.

COLBERT, J.

FACTS AND PROCEDURAL HISTORY

¶1 Appellant, Robert Wayne Leritz (Plaintiff) is a Kansas resident whose motorcycle and two other vehicles were garaged in Kansas under an insurance policy issued by Appellee, Farmers Insurance Company (Farmers) in Kansas. Plaintiff was injured in a motorcycle accident in Oklahoma on July 7, 2008, when Defendant, Larry Allen Yates, made a left hand turn and collided with Plaintiff causing serious bodily injuries. Plaintiff brought this action alleging that he had incurred medical expenses and suffered damages exceeding Yates's liability coverage. There was a question as to whether he could stack his uninsured motorist (UM) coverage based on his ownership of policies on each of his three vehicles. Oklahoma allowed the practice,[1] until the Oklahoma Legislature amended the UM provision, section 3636 of title 36, in 2014 to provide: "Policies issued, renewed or reinstated after November 1, 2014, shall not be subject to stacking or aggregation of limits unless expressly provided for by an insurance carrier." 2014 Okla Sess. Laws ch. 307. Kansas does not allow stacking. The trial court granted summary judgment to the insurer and the Court of Civil Appeals affirmed, applying the insurer's proposed solution to a perceived conflict of laws issue. However, there is no conflict of laws issue on these facts because the policy specifies which law will apply to an issue of stacking of policies. Giving the policy provisions effect makes a choice of law analysis unnecessary.[2]

 

STANDARD OF REVIEW

 

¶2 An order that grants summary judgment, in whole or in part, disposes solely of law questions. Brown v. Nicholson, 1997 OK 32, ¶ 5 n.1, 935 P.2d 319, 321 n.1. It is reviewable by a de novo standard. Kluver v. Weatherford Hosp. Auth., 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084.

ANALYSIS

¶3 By its terms, the policy "applies only to accidents, occurrences, and losses during the policy period shown in the Declarations which occur within the United States, its territories or possessions, or Canada, or while the motorcycle is being shipped between their ports." The policy further contemplates out of state coverage by providing:

An insured person may become subject to the financial responsibility law, compulsory insurance law or similar law of another state or in Canada. This can happen because of the ownership, maintenance or use of your insured motorcycle when you travel outside of your home state. We will interpret this policy to provide any broader coverage required by those laws, except to the extent that other liability insurance applies. No person may collect more than once for the same elements of loss.

(Emphasis added). Most importantly, the policy addresses specifically the issue of stacking of UM coverage and links it to the state law of the state in which the accident occurred by providing: "Subject to the law of the state of occurrence, we will pay no more than these maximums regardless of the number of vehicles insured, insured persons, claims, claimants, policies, or vehicles involved in the occurrence." (Emphasis added). Thus, the policy limits stacking, but only if the law of the state of occurrence limits stacking.[3] Oklahoma law did not limit stacking.[4] Therefore, under the policy's choice to defer to the law of the state of occurrence regarding stacking, the policy holder was entitled to stack UM coverage.

¶4 The parties and the Court of Civil Appeals became distracted from the policy language by a dispute concerning whether a conflict of law determination should be made according to Oklahoma's conflict of law statute concerning contracts, this Court's case law, or the UM statute found at section 3636 of title 36. There actually is no dispute because the policy provides its own choice of law provision concerning the stacking of UM coverage. Unfortunately, the policy provisions have yet to be given effect by the lower courts. This matter is remanded to the trial court for application of the policy provisions.

CERTIORARI PREVIOUSLY GRANTED;
OPINION OF COURT OF CIVIL APPEALS VACATED;
JUDGMENT OF DISTRICT COURT REVERSED;
CAUSE REMANDED.

CONCUR: Reif, C.J., Combs, V.C.J., Kauger, Watt, Edmondson, Colbert, J.J.

DISSENT: Winchester, Taylor, Gurich (by separate writing) J.J.

FOOTNOTES

[1] The policy in this matter has a renewal period of July 6, 2008, until January 29, 2009. Therefore, the statutory prohibition on the stacking of UM coverage does not apply to this dispute.

[2] Generally,"[t]he law of the state chosen by the parties to govern their contractual rights and duties will be applied . . .." Restatement (Second) Conflict of Laws, § 187 (1971); Fossil Creek Energy Corp. v. Cook"s Oilfeild Servs., 2010 OK CIV APP 123, ¶ 11 n.5, 242 P.3d 537, 541 n.5. See also, Telex Corp. v. Hamilton, 1978 OK 32, ¶¶ 7-8, 576 P.2d 767, 768 (implying that, even if the contract had not been entered into and performed in Oklahoma, Oklahoma law would have been applied because the contract so provided); 43 Am. Jur. 2d Insurance § 337 ("Where it is provided by the contract of insurance itself that it shall be construed in accordance with the laws of a designated place and the stipulation is valid, such stipulation as a general rule controls the construction and effect of the contract . . ..").

[3] The courts will read the provisions of a contract "to give effect to the intention of the parties as ascertained from the four corners of the contract . . .." Okla. Oncology & Hematology P.C. v. US Oncology, Inc., 2007 OK 12, ¶ 27, 160 P.3d 936, 946. See also Okla. Stat. tit. 15, § 155 (2011)("When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible, subject, however, to the other provisions of this article.").

[4] This Court adopted the stacking rule in 1976 in Keel v. MFA Ins. Co., 1976 OK 86, ¶ 13, 553 P.2d 153, 156 ("We, therefore, hold where an insured has been issued multiple automobile policies containing uninsured motorist coverage for which a premium has been paid, the extent of the coverage is the combined total amount of such policies.").

 

 

GURICH, J., with whom WINCHESTER and TAYLOR, JJ., join dissenting:

¶1 I must respectfully dissent to the majority opinion in the above-styled matter. The present case concerns only three Kansas insurance policies--no Oklahoma policy is involved. Today's opinion effectively reverses established precedent without expressly doing so; namely our prior decision in Bernal v. Charter County Mutual Ins. Co., 2009 OK 28, 209 P.3d 309.

Bernal v. Charter County Mutual Ins. Co., 2009 OK 28

¶2 The majority decision is in direct conflict with our holding in Bernal v. Charter County Mutual Ins. Co., where we determined Oklahoma's UM statute could not be applied to an insurance policy with zero connection to this state:

The Oklahoma legislature has directed a specific choice-of-law provision to govern under the UM statute. By its own terms, § 3636(A) applies solely to a policy 'issued, delivered, renewed, or extended in this state with respect to a motor vehicle registered or principally garaged in this state . . . .' Whenever the legislature commands us to apply the law of another state, we must abide by its directive. The parties do not dispute the automobile in this single-vehicle accident was registered and principally garaged in Shallowater, Texas. That state's law must hence govern the terms of liability under that state's insurance policy.

Id. ¶ 14, 209 P.3d at 316. In rejecting the plaintiff's claim for UM benefits by application of Oklahoma law, we further noted:

That Texas law permits nonpayment of UM benefits under the terms of the Charter policy does not implicate any insurance benefits under an existing Oklahoma policy. Neither UM benefits contracted and paid for pursuant to Oklahoma law are implicated here nor were any benefits due under our law either denied or diminished.

Id. ¶ 17, 209 P.3d at 317 (emphasis added).

¶3 Here too, there are no UM benefits contracted or paid for pursuant to Oklahoma law. Additionally, there are no Oklahoma insurance benefits diminished in any way through application of Kansas law. Unless the majority of this Court chooses to overrule Bernal, we are bound to follow the decision by reason of stare decisis. It should be noted that Leritz conceded in a "Suggestion the Court Should Rule," filed in this Court on October 17, 2013, and directed to COCA, "[p]laintiff/[a]ppellant states in the briefs below that, under present Oklahoma law, the Motion for Summary Judgment appealed was properly sustained but seeks to change the law."

¶4 Oklahoma has no connection with the present dispute other than being the location of Leritz' accident and the residence of the uninsured tortfeasor. Leritz has acknowledged throughout proceedings that Oklahoma jurisprudence (i.e., Bernal) requires this case to be decided in accordance with Kansas law. Unless Oklahoma UM benefits are involved, there is simply no reason to apply our UM law to settle this disagreement.

¶5 It is undisputed that Kansas law precludes the stacking of UM/UIM policy benefits. Under Kansas law, Leritz is entitled to payment of $100,000 UM due under one policy insuring his motorcycle. Consequently, COCA reached the correct result in this case.

 

 

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2010 OK CIV APP 123, 242 P.3d 537, FOSSIL CREEK ENERGY CORP. v. COOK'S OILFIELD SERVICES
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1993 OK 85, 859 P.2d 1081, 64 OBJ 2009, Kluver v. Weatherford Hosp. Authority
Discussed
 1997 OK 32, 935 P.2d 319, 68 OBJ 992, Brown v. Nicholson
Discussed
 2007 OK 12, 160 P.3d 936, OKLAHOMA ONCOLOGY & HEMATOLOGY P.C. v. US ONCOLOGY, INC.
Discussed
 2009 OK 28, 209 P.3d 309, BERNAL v. CHARTER COUNTY MUTUAL INSURANCE CO.
Discussed at Length
 1976 OK 86, 553 P.2d 153, KEEL v. MFA INSURANCE COMPANY
Discussed
 1978 OK 32, 576 P.2d 767, TELEX CORP v. HAMILTON
Discussed